**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**LINCOLN DODGE, INC., et al.** :
:
**Plaintiffs,** :
:
**v.** :
:
**W. MICHAEL SULLIVAN, in his official Capacity only as Director of the Rhode Island Department of Environmental Management,** : **C.A. No. 06-70T**
:
**Defendant.** :

**AFFIDAVIT OF STEPHEN MAJKUT**

I, Stephen Majkut, being duly sworn upon oath, do hereby depose and state:

1. I am employed by the Rhode Island Department of Environmental Management (RIDEM), as Chief of the Office of Air Resources ("OAR"), and have served in this position since June 1993.

2. In my capacity as a Chief of OAR, I am responsible for the administration of Rhode Island's air quality program, pursuant to Rhode Island's Clean Air Act, R.I.G.L. c. 23-23 and in compliance with the federal Clean Air Act, 42 U.S.C. §§ 7401, *et seq*. As part of my duties, I am responsible for Rhode Island's air quality regulations that give effect to the purpose and goals of the federal and state statutes that authorize those regulations.

3. In June of 1996, RIDEM adopted certain air quality regulations identical to those promulgated by the State of California through its Air Resources Board. These regulations were contained in Regulation No. 37 of the RIDEM Air Pollution Control ("APC") Regulations, and were known as Rhode Island's Low Emission Vehicle ("LEV") Program regulations. During the effective period of the LEV regulations (through model year 2006) automobile manufacturers had the option to comply with either the Rhode Island LEV regulations, which were identical to California's LEV regulations, or the national LEV regulations established by the U.S. Environmental Protection Agency ("EPA").

4. California then adopted certain amendments to the LEV regulations governing Zero Emission Vehicles ("ZEV regulations"), and additional amendments known as the LEV II regulations.

5. In a letter dated May 30, 2001, the California Air Resources Board ("CARB") requested that the U.S. Environmental Protection Agency ("EPA") grant the State of California a waiver of preemption for its LEV II amendments and its Zero Emission Vehicle amendments.

6. On April 22, 2003, the EPA granted California's request for a waiver of preemption for the LEV II amendments, which decision was published in the Federal Register (Volume 68, Number 77) at pages 19811-19813.

7. On or about December 22, 2004, RIDEM adopted regulations identical to California's LEV II and ZEV amendments. These adopted regulations amended Air Pollution Control Regulation No. 37, and were known as the 2004 amendments to APC Regulation No. 37.

8. California has not yet received a waiver for the ZEV regulations, thus RIDEM cannot enforce the same.

9. In September 2004, CARB adopted certain regulations governing the emission of greenhouse gases from new automobiles, commencing with model year 2009.

10. On or about December 22, 2005, RIDEM adopted regulations identical to California's greenhouse gas amendments to its LEV regulations. These adopted regulations again amended Regulation No. 37 of the RIDEM Air Pollution Control Regulations, and were known as the 2005 amendments to APC Regulation No. 37.

11. California has requested a waiver of preemption from the EPA for the greenhouse gas amendments, however, the EPA has yet to publish a decision on that request.

12. Because the Greenhouse Gas amendments provide for a graduated compliance standard commencing with model year 2009 and continuing through model year 2016, it greatly simplifies the regulatory program for states seeking to adopt the California regulations if those states follow California's compliance schedule. Thus, those states, such as Rhode Island, must have the regulations in place at least two years prior to the model year in which the regulation become effective. By adopting California's Greenhouse Gas regulations now, even before the EPA publishes a waiver determination, Rhode Island is certain to have the same compliance schedule as California, which will ensure that Rhode Island's regulations and compliance schedule are identical to those of California.

13. I acknowledge that even though Rhode Island adopted the California greenhouse gas regulations, Rhode Island cannot enforce those regulations unless, and until, the EPA grants California's waiver request. I further acknowledge that if, due to the timing of an affirmative decision on California's waiver request, California's compliance schedule must be modified, then Rhode Island's compliance schedule will need to be likewise be modified to ensure Rhode Island is on the same compliance schedule as California.

Stephen Majkut
Chief, RIDEM Office of Air Resources

Subscribed and sworn to before me this 4TH day of APRIL, 2006.

T. W. Pendon, Esq.
Notary Public
My Commission Expires: 11/28/2009