preemption vehicle emissions standards promulgated by California,[3] if California determines that those standards will be no less protective of public health than the federal standards. 42 U.S.C. § 7543(b)(1). The EPA cannot grant the waiver, however, if it finds that California's determination was arbitrary or capricious; that conditions in California are not so compelling and extraordinary as to make the standards necessary; or that the standards do not meet other requirements of the Act including technological feasibility and sufficient lead time. 42 U.S.C. § 7543(b)(1). <u>See also</u>, <u>Ass'n of Int'l Auto Mfrs., Inc. v. Comm'r, Mass. Dep't of Envtl. Prot.</u>, 208 F.3d 1, 3-4 (1st Cir. 2000).

Defendants seek dismissal, asserting that Plaintiff's claims are not ripe for adjudication because the EPA has not yet determined if the resolution at issue meets the requirements for waiver of federal preemption, and therefore the resolution cannot be presently enforced. Plaintiff counters that the claims are ripe because absent judicial review Plaintiff will suffer irreparable hardships.

## II.

## DISCUSSION

This action must be dismissed for lack of jurisdiction because Plaintiff's claims are not ripe. It is well settled that "injunctive and declaratory judgments are discretionary, and courts traditionally have been reluctant to apply them to administrative

---

[3] The statute states that waiver is available to "<u>any State</u> which has adopted standards (other than crankcase emissions standards) for the control of emissions from new motor vehicles or new motor vehicle engines prior to March 30, 1966." 42 U.S.C. § 7543(b)(1) (emphasis added). California is the only state which fits this requirement and, therefore, the only state which can receive a waiver. <u>Motor Vehicle Mfrs. Ass'n., Inc. v. EPA</u>, 627 F.2d 1095, 1101 (D.C. Cir. 1979).

determinations unless these arise in the context of a controversy 'ripe' for judicial resolution." Abbott Labs. v. Gardner, 387 U.S. 136, 148 (1967), overruled on other grounds by, Califano v. Sanders, 430 U.S. 99, 105 (1977). The basic purpose of the ripeness doctrine "is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." Abbott Labs., 430 U.S. at 148-49.

"[T]he ripeness inquiry contains both a constitutional and a prudential component." Thomas v. Anchorage Equal Rights Comm'n, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc) (internal quotation marks omitted), cert. denied, __ U.S. __, 121 S. Ct. 1078 (2001). The constitutional component involves "measuring whether the litigant has asserted an injury that is real and concrete rather than speculative and hypothetical." Id. at 1139 (internal quotation marks omitted). The prudential component evaluates "both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." Abbott Labs., 430 U.S. at 149.[4]

The constitutional component of the ripeness inquiry is jurisdictional. Thomas, 220 F.3d at 1139. In order for a live controversy to exist, "[P]laintiff[] [must] face a realistic danger of sustaining a direct injury as a result of the [law's] operation or enforcement." Id. at 1139 (internal quotation marks omitted). Here,

---

[4] Since the constitutional component of ripeness is lacking in this action, the prudential element need not be reached. Thomas, 220 F.3d at 1141.