UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LINCOLN DODGE, INC., et al. | : | |
| | : | |
| v. | : | C.A. No. 06-70T |
| | : | |
| W. MICHAEL SULLIVAN, in his official capacity only as Director of the Rhode Island Department of Environmental Management | : | |

**PLAINTIFFS' MOTION TO EXCEED PAGE LIMITS**

Plaintiffs Lincoln Dodge, Inc, Smithfield Chrysler Jeep, Inc., Simon Chevrolet-Buick, Ltd., Paul Masse Chevrolet, Inc., Paul Masse Pontiac-Cadillac-GMC, Inc., Deluxe Auto Sales, Inc., Tasca Automotive Group, Inc., The New Bay Buick, Inc., Hurd Chevrolet, Inc., Hurd Buick Pontiac-GMC Truck, Inc. (collectively, the "Rhode Island Dealers"), the Alliance of Automobile Manufacturers, DaimlerChrysler Corporation ("DCC") and General Motors Corporation ("GMC") respectfully request that this Court enter an Order granting 1) an additional 10 pages in addition to the 20 pages currently permitted for their Memorandum of Law as set forth in this Court's Appendix A – Page Limits, for a total of 30 pages, and 2) an additional 33 pages in addition to the 10 pages for appendices, exhibits and other documents typically allowed, for a total of 43 pages, in order to respond to a pleading filed by defendant in response to the Complaint on April 7, 2006.

**DISCUSSION**

This case presents important legal issues of national significance. It seeks review of a regulation adopted by the Rhode Island Department of Environmental Management ("DEM") and made effective on January 11, 2006, which establishes state carbon dioxide standards for automobiles. According to the National Highway Traffic Safety Administration ("NHTSA"),

state carbon dioxide standards for automobiles are preempted by federal law and conflict with national regulation of the automobile. *See* 71 Fed. Reg. 17565, 17656-70 (Apr. 6, 2006).

The action was commenced on February 13, 2006. The Complaint seeks declaratory and injunctive relief against enforcement of DEM's regulation under the federal law and regulations administered by NHTSA and under other provisions of federal law. Plaintiffs stipulated to the extension of time that allowed defendant until April 7, 2006, to move or answer the Complaint. At that time, defendant moved to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction. Accompanying the motion was an affidavit and several exhibits, including an incomplete copy of an unpublished decision from another jurisdiction. A response to the motion is due April 24, 2006.

Defendant's motion can be read both to challenge the sufficiency of the facts alleged in the Complaint to establish jurisdiction, and to challenge the accuracy of those facts, though it is ambiguous in this regard. Given that ambiguity, on April 11, 2006, plaintiffs asked defendant to clarify the grounds of his motion. *See* Exhibit A. Counsel for defendant responded to the request for clarification by stating that "we think the motion speaks for itself."

Based on the open-ended scope of defendant's motion and the range of issues presented, plaintiffs respectfully request that the Court enlarge the page limit for their Memorandum of Law presenting objections to the motion, by an additional 10 pages, for a total of 30 pages. In addition to the 10 pages for appendices, exhibits and other documents, as set forth in this Court's Appendix A to the Local Rules, plaintiffs also respectfully request the Court enlarge the page limit by an additional 33 pages to include the submission of affidavits and exhibits supporting the jurisdictional facts pleaded in their Complaint, for a total of 43 pages. Plaintiffs wish to offer affidavits from (1) a certified public accountant who has examined financial records of the

Rhode Island Dealers; (2) executives employed by other plaintiffs attesting to the impact of DEM's regulation; and (3) an independent expert who can corroborate the conclusions contained in the affidavits of those executives. The supporting exhibits will include excerpts from filings by vehicle manufacturers with the United States Securities and Exchange Commission and other materials pertinent to defendant's motion, as well as the full copy of the unpublished decision from another jurisdiction (which is eight pages in length).

WHEREFORE, Plaintiffs respectfully request that this Court grant their Motion to Exceed Page Limits, allowing them to file a 30 page memorandum of law and up to 43 pages for appendices, exhibits and other documents.

Dated: April 18, 2006

Respectfully submitted,

Patricia K. Rocha

Stuart A. C. Drake
Andrew B. Clubok
*Admitted pro hac vice*
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Tel: (202) 879-5000

Patricia K. Rocha (#2793)
John A. Tarantino (#2586)
Katy A. Hynes (#6659)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: (401) 274-7200
Fax: (401) 351-4607

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of April, 2006, I caused to be served via first class mail, postage prepaid, a true copy of the within document on:

Tricia Jedele
Special Assistant Attorney General,
Environmental Advocate
Michael Rubin, Esq.
DEPARTMENT OF ATTORNEY GENERAL
150 South Main Street
Providence, RI 02903

Timothy Pavilonis, Esq.
Office of Legal Counsel
Rhode Island Department of Environmental Management
235 Promenade Street
Providence, RI 02908

Debra Humm

*378772_1.doc*