# Air Resources Board

Winston H. Hickox
*Agency Secretary*

Alan C. Lloyd, Ph.D.
Chairman
1001 I Street • P.O Box 2815 • Sacramento, California 95812 • www.arb.ca.gov

Gray Davis
*Governor*

May 21, 2002

Administrator Christine Todd Whitman
United States Environmental Protection Agency (A-100)
401 "M" Street, SW
Washington, D.C. 20460

Re: Request for Confirmation that the 2001 Amendments to the California Zero-Emission Vehicle Regulation Are Within the Scope of Previous Waivers of Preemption Under Clean Air Act Section 209(b)

Dear Administrator Whitman:

Following a January 25, 2001 hearing, the California Air Resources Board (ARB or Board) has adopted a set of amendments to the California Zero Emission Vehicle (ZEV) regulations. I am writing to request that you confirm my determination that these amendments do not require a new waiver of preemption under section 209(b) of the federal Clean Air Act (CAA) because they are within the scope of previously-issued waivers.

These amendments are designed to maintain progress towards commercialization of ZEVs while recognizing near term constraints due to cost, lead time, and technical challenges. The amendments maintain a core ZEV component, but significantly reduce the cost of the program – primarily through a reduction in vehicles required in the near-term and the broadening in scope of vehicle technologies allowed. After supplemental comment periods, the amendments were originally adopted by Executive Order on December 7, 2001 and submitted to the Office of Administrative Law (OAL) on the same day. On January 23, 2002, the amendments were disapproved by OAL on the ground that some of the public commenters who were legally entitled to receive notices of supplemental comment periods did not receive these notices due to staff miscommunications. We subsequently provided an additional supplemental comment period for these parties, and responded to comments they submitted. I then readopted the amendments on April 12, 2002 by issuing Executive Order G-02-009, and they were resubmitted to OAL for review on the same day. I will advise you when OAL takes action on the resubmittal. Since the great majority of the rulemaking activity on these amendments took place in 2001, I will refer to them as the 2001 ZEV Amendments.

**Consistency with section 202(a).** Since the 2001 ZEV Amendments essentially afford new options for meeting the ZEV requirements, the amendments present no new question of lead time. They also present no issues of test procedure consistency.

**New issues affecting previous waiver determination.** We are not aware of any new issues affecting the previous waiver determinations regarding California exhaust emission standards and test procedures that are raised by the 2001 ZEV Amendments.

Some manufacturers have argued that some of the options pertaining to AT PZEVs added by the 2001 ZEV Amendments are federally preempted by the Energy Policy and Conservation Act of 1975 (EPCA) because they allegedly relate to fuel economy standards.[15] EPCA is administered not by U.S. EPA but by the National Highway Traffic Safety Administration (NHTSA). Arguments raising constitutional claims and preemption issues not involving the CAA are beyond the scope of the Administrator's review and a waiver or scope-of-the-waiver proceeding is not the proper forum for such claims.[16]

Since the previous LEV waiver had been issued before adoption of the 2001 ZEV Amendments, there has always been an outstanding waiver having a scope sufficient to cover those 2001 amendments. Accordingly, as soon as they become effective under State law the 2001 ZEV Amendments will be exempt from the preemptive effect of CAA section 209(a). It has been the ARB's consistent practice when we conclude that a set of amendments is within the scope of previous waivers to request confirmation of that conclusion by U.S. EPA, and we will continue that practice. It has also been our consistent practice to enforce such amendments pending U.S. EPA's formal confirmation. For instance, we enforced the suspension of the ZEV requirements in the 1998, 1999, 2000, and 2001 model years notwithstanding the fact that U.S. EPA did not formally act for almost four years on our February 26, 1997 scope-of-the-waiver letter for that action.

[15] This claim is the focus of pending litigation in federal district court filed January 3, 2002 by General Motors, DaimlerChrysler, and various car and truck dealers. (Central Valley Chrysler-Plymouth, Inc. et al. v. Michael P. Kenny (U.S.D.C., E.D. CA, Case No. CIV F-02005017 REC SMS.)

[16] 43 F.R. 32182, 32185 (July 25, 1978); 42 F.R. 2337, 2339 (January 11, 1977); 44 F.R. 61096, 61101 (October 23, 1979).