**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LINCOLN DODGE, INC., et al.** | : | |
| **Plaintiffs,** | : | |
| **v.** | : | |
| **W. MICHAEL SULLIVAN, in his official Capacity only as Director of the Rhode Island Department of Environmental Management,** | : | **C.A. No. 06-70T** |
| **Defendant.** | : | |

**DEFENDANT'S REPLY BRIEF**

Defendant, State of Rhode Island submits this brief in reply to the arguments raised by Plaintiffs, Lincoln Dodge, in their April 25, 2006 brief written in response to the Defendant's Rule 12(b)(1) Motion to Dismiss.

**ARGUMENT**

I. A Rule 12(b)(1) Motion for Lack of Subject-Matter Jurisdiction Based on Ripeness Need Not Challenge the Legal Sufficiency of the Complaint or the Facts Alleged in the Complaint.

Plaintiffs' rely upon the cases of Hernandez-Santiago v. Ecolab, Inc., 397 F.3d 30 (1st Cir. 2005) and McCulloch v. Velz, 364 F.3d 1 (1st Cir. 2004) to justify their position that an evidentiary hearing is required. Plaintiffs' interpretation is not correct and an evidentiary hearing is not required on this basis or any other.

Specifically, Plaintiffs argue that the Hernandez-Santiago case stands for the requirement that "parties challenging jurisdiction under Rule 12(b)(1) can either challenge the legal sufficiency of the complaint, or the accuracy of the facts alleged in the complaint." Linc. Dodge Br. at 19 (citing Hernandez-Santiago, 397 F.3d at 33).

Plaintiffs overlook the fact that both the Hernandez-Santiago and the McCulloch cases speak to diversity actions "**where there is no question of ripeness**, mootness or standing." Hernandez-Santiago, 397 F.3d at 33. (Emphasis added). In such a case, the existence of subject matter jurisdiction turns on either a challenge to the sufficiency of the allegations in the complaint or the accuracy of them. See, id. Defendant's challenge to subject-matter jurisdiction in this case is based on ripeness and is properly made pursuant to Rule 12(b)(1). See Ernst & Young v. Depositors Economic Protection Corporation, et al. (quoting St. Clair v. City of Chico, 880 F.2d 199, 202 (9th Cir. 1989), cert den. 493 U.S. 993, 110 S.Ct. 541, 107 L.Ed. 2d 539 (1989) ("[T]he issue of ripeness has nothing to do with the merits of claims ...").

The question before the Court is whether, as a matter of law, Plaintiffs claims are ripe for judicial review; whether as a matter of law Plaintiffs can be harmed by an unenforceable state regulation that the State agrees is preempted by the Clean Air Act absent a waiver?

II. The Dealers' Harm is not Severable or Distinguishable from the Manufacturers' Harm and Manufacturer's Harm is Contingent Upon Future Events.

The Dealer Plaintiffs' nexus to immediate harm resulting from the promulgation of Reg. 37 is even more tenuous than the harm claimed by the Manufacturer Plaintiff in the companion case, AIAM v. DEM, C.A. No. 06-69T. Throughout its brief, Dealer Plaintiffs, Lincoln Dodge, bootstrap the claims of the manufacturer with their own thereby obscuring the lack of immediate injury to the Dealer Plaintiffs from plain sight.

Dealer Plaintiffs' claim of immediate injury is based on a concept they identify as "future competitive injury." Linc. Dodge Br. at 11, n. 12. In support of this theory,

Plaintiffs mistakenly rely upon Ross-Simons of Warwick v. Baccarat, Inc., 217 F. 3d 8, 13-14 (1st Cir. 2000), which does not stand for "competitive injury is irreparable" as defined by Plaintiffs. Linc. Dodge Br. at 11, n. 12. Rather, Ross-Simons stands for the notion that injunctive relief may be appropriate to prevent a breach of contract where irreparable injury to professional reputation would occur. Ross-Simons, 217 F. 3d at 13-14. Indeed, "several courts have recognized that the loss of a prestigious brand or product line may create a threat of irreparable injury if it is likely that customers (or prospective customers) will turn to competitors who do not labor under the same handicap." See Ross Simons, 217 F.3d at 13-14 (citing to Ross-Simons I, 102 F.3d at 20; see also Reuters Ltd. v. United Press Int'l, Inc., 903 F.2d 904, 907-08 (2d Cir. 1990). Here, if EPA grants the waiver of preemption, the Dealer Plaintiffs would be in the same position as all other Rhode Island dealers and any other dealer located in a New England state that opted to follow the California regulations. Dealer Plaintiffs incorrectly assert that a projected loss based on projected restrictions in product lines, which may or may not occur, and which may or may not be impacted by the mere existence of Reg. 37 is equal to a loss in current value to their respective businesses. See Linc. Dodge Br. at 8 ("The regulation is so stringent that some manufacturers will have only limited product line of new models available for the Rhode Island market); Linc. Dodge Br. at 9 ("*If* required to comply with these rules, the affected manufacturers will be forced to restrict product lines"). (Emphasis added). This is not so.

Uncertainty is part of the world of automobile dealerships and automobile manufacturers and is not an immediate dilemma, but the price of doing business. Plaintiffs argue, however, that if uncertainty was found to be an immediate harm in Duke

Power Co. v. Carolina Environmental Study Group, Inc. 438 U.S. 59, 98 S.Ct. 2620 (1978), then the uncertainty they claim to face because of Reg. 37 should be held an immediate harm as well. On this point Plaintiffs argue that Defendant "cannot square its position with Duke Power." Linc. Dodge Br. at 17. The facts of the Duke Power case, however, are simply not relevant or comparable to the case at hand. In Duke Power citizens living near existing federally licensed, privately owned nuclear power plants sought to have the Price-Anderson Act declared unconstitutional. The Price Anderson Act imposed a $560 million cap on liability for nuclear accidents. The court found the claim to be ripe on the prudential considerations of the ripeness test because waiting for a nuclear accident to occur would not aid the court in resolution of whether the statute is or is not unconstitutional. More significantly, the Court held that to delay resolution would "frustrate one of the key purposes of the Price-Anderson Act – the elimination of doubts concerning the scope of private liability in the event of a major nuclear event." Duke Power, 438 U.S. at 82. The instant case is distinguishable in that a declaration on the EPCA Count and the Clean Air Act Count are not necessary to provide the Plaintiffs with the relief they seek – no enforcement of Reg. 37. Moreover, the purpose of promulgating Reg. 37 pre-waiver decision, unlike the Price-Anderson Act, was not to provide car dealerships and automobile manufacturers with absolute certainty, but rather to provide manufacturers and dealers alike with more certainty about the regulatory changes that may be required if and when a waiver is granted.

II. The EPCA Count In Plaintiff's Complaint Is Not Independently Reviewable.

Please refer to reply brief filed in the companion case AIAM v. DEM, C.A. No. 06-69T.

**Conclusion**

Reg. 37 is not the cause of the Dealer Plaintiffs' uncertainty and there is no way to determine if it the cause of plummeting stocks or profits, absent an economic exercise in which all other factors are held constant, are directly attributable to the promulgation of Reg. 37 or the price of gasoline. The uncertainties facing Plaintiffs are part and parcel of the automobile dealership and manufacturing businesses. In part, these uncertainties are created by the California Air Resources Board; the ongoing litigation in California concerning the CARB regulation (trial date set January 2007); and CARB's application for a preemption waiver from EPA. Rhode Island merely incorporated California's standards by reference.

In the context of the pending case, the this Court does not have subject-matter jurisdiction to address these issues.

Respectfully Submitted,

Defendant
By his Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

Tricia K. Jedele #5958
Michael Rubin #3656
Special Assistant Attorneys General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2400
Fax: (401) 222-3016

Of Counsel:

Timothy Pavilonis, Esq.
Office of Legal Counsel
Rhode Island Department of
Environmental Management
235 Promenade Street
Providence, RI 02908

*For Defendant W. Michael Sullivan, in his official capacity as Director of the Rhode Island Department of Environmental Management.*

**CERTIFICATION**

I, the undersigned, hereby certify that I mailed a true copy of the within document, postage pre-paid, first class mail, on this 15th day of May, 2006 to those indicated below:

Patricia K. Rocha, Esq.
John A. Tarantino, Esq.
Katy A. Hynes, Esq.
ADLER POLLOCK & SHEEHAN, P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903-1345

Stuart A.C. Drake, Esq.
Andrew B. Clubok, Esq.
KIRKLAND & ELLIS, LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005