UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LINCOLN DODGE, INC; SMITHFIELD CHRYSLER JEEP, INC.; SIMON CHEVROLET-BUICK, LTD.; PAUL MASSE CHEVROLET, INC.; PAUL MASSE PONTIAC-CADILLAC-GMC, INC.; DELUXE AUTO SALES, INC.; TASCA AUTOMOTIVE GROUP, INC.; THE NEW BAY BUICK, INC., HURD CHEVROLET, INC., HURD BUICK PONTIAC-GMC TRUCK, INC., ALLIANCE OF AUTOMOBILE MANUFACTURERS; DAIMLER CHRYSLER CORPORATION; and GENERAL MOTORS CORPORATION,

Plaintiffs,

v.

C. A. No. 06-70T

W. MICHAEL SULLIVAN, in his official capacity only as Director of the Rhode Island Department of Environmental Management,

Defendant,

and

CONSERVATION LAW FOUNDATION, SIERRA CLUB, NATURAL RESOURCES DEFENSE COUNCIL, and ENVIRONMENTAL DEFENSE,

Intervenor Defendants.

**ANSWER OF INTERVENOR DEFENDANTS CONSERVATION LAW FOUNDATION, SIERRA CLUB, NATURAL RESOURCES DEFENSE COUNCIL AND ENVIRONMENTAL DEFENSE TO PLAINTIFFS' COMPLAINT**

Intervenor Defendants Conservation Law Foundation, Natural Resources Defense Council, Environmental Defense and the Sierra Club (collectively "Intervenors") submit the following Answer to the complaint for injunctive and declaratory relief ("Complaint") filed

by Lincoln Dodge, Inc., *et al*. in the above captioned action. All factual allegations not expressly admitted are denied.

**INTRODUCTION**

1. This paragraph characterizes the allegations set forth in Plaintiffs' Complaint. Intervenors deny these allegations on grounds that the Complaint speaks for itself and is the best evidence of its contents. Intervenors deny that Rhode Island Air Pollution Control Regulation No. 37 ("Regulation 37"), adopted pursuant to Rhode Island's authority under the federal Clean Air Act ("CAA"), 33 U.S.C. § 7507, is preempted by federal law and that the Court has jurisdiction to grant relief.

2. Intervenors admit that the Rhode Island Department of Environmental Management ("DEM") adopted Regulation 37 to control air pollution from new cars and trucks in 2004 and 2005. Intervenors deny the remaining allegations in paragraph 2.

a. Intervenors deny the allegations set forth in paragraph 2a on grounds that they contain conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations. Intervenors deny the allegations of the first sentence of paragraph 2a on the grounds that Regulation 37 speaks for itself and is the best evidence of its contents. Intervenors deny the second sentence of paragraph 2a on the grounds that the Energy Policy and Conservation Act ("EPCA") speaks for itself and is the best evidence of its contents. Additionally, Plaintiffs are precluded by the doctrines of *res judicata*, collateral estoppel, and claim and issue preclusion from raising these allegations for adjudication.

b. Intervenors admit that one object of Regulation 37 is to address the threat of global climate change. The remaining allegations in paragraph 2b are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations. Additionally, Plaintiffs are precluded by the doctrines of *res judicata*, collateral estoppel, and claim and issue preclusion from raising these allegations for adjudication.

c. The first sentence in paragraph 2c sets forth Plaintiffs' characterization and contentions regarding the CAA. Intervenors deny these allegations on grounds that the CAA speaks for itself and is the best evidence of its contents. Regarding the second sentence in paragraph 2c, Intervenors admit that Environmental Protection Agency ("EPA") Administrator Stephen Johnson issued a letter to Governor Schwarzenegger of California on December 19, 2007, denying California's request for a waiver. Intervenors, California, and other states, including Rhode Island, have challenged the legality of Administrator Johnson's decision. See Sierra Club et al. v. U.S. EPA, No. 08-70030 (9th Cir., Jan. 2, 2008); State of California v. U.S. EPA, No. 09-70011(9th Cir., Jan.2, 2008). The allegations in the third and fourth sentences of paragraph 2c are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations. Additionally, Plaintiffs are precluded by the doctrines of *res judicata*, collateral estoppel, and claim and issue preclusion from raising the allegations in the fourth sentence of paragraph 2c for adjudication.

d. The allegations in paragraph 2d are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations.

e. The allegations in paragraph 2e are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations.

**Parties, Jurisdiction and Venue**

3. Intervenors admit that the Plaintiffs in this case include entities that identify themselves as motor vehicle dealers, automobile manufacturers, and an association of automobile manufacturers.

4. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and fourth sentences of paragraph 4 and, on that basis, deny the allegations. Intervenors admit the allegations in the third sentence of paragraph 4.

5. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 and, on that basis, deny the allegations.

6. Intervenors admit that General Motors Corporation and the Chrysler Corporation (formerly the DaimlerChrysler Corp.) are manufacturers of new motor vehicles, that some of their vehicles are sold in Rhode Island, and that manufacturers of new motor vehicles are subject to Regulation 37. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 and, on that basis, deny the allegations.

7. Intervenors admit the allegations in paragraph 7.

8. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 8 and, on that basis, deny the allegations. The allegations in the third sentence are legal conclusions to which no response is required. To the extent a response is required, Intervenors deny the allegations.

9. Paragraph 9 characterizes the allegations set forth in Plaintiffs' Complaint. Intervenors deny these allegations on the grounds that that the Complaint speaks for itself and is the best evidence of its contents, and further deny these allegations on the basis that they contain legal conclusions to which no response is required. Intervenors deny that the state law and regulations are preempted by federal law or that this Court has jurisdiction to grant relief.

## The Technical Context for Regulation

### A. Regulation and Control of Motor Vehicle Air Pollution

10. Intervenors admit the allegations in the first sentence of paragraph 10. Intervenors deny the allegations in the second sentence of paragraph 10 on grounds that the EPA's motor vehicle regulation speaks for itself and is the best evidence of its contents.

11. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 11 and, on that basis, deny the allegations. Intervenors deny the allegations in the second sentence of paragraph 11 on grounds that the CAA speaks for itself and is the best evidence of its contents. Intervenors deny the allegations in the third sentence of paragraph 11 on grounds that Rhode Island's air

quality attainment status and plans filed with the EPA speak for themselves and are the best evidence of their contents.

12. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 12 and, on that basis, deny the allegations. Intervenors deny the allegations in the second and third sentences of paragraph 12 on grounds that EPA emission standards and Rhode Island's air quality plans filed with the EPA speak for themselves and are the best evidence of their contents.

**B. Greenhouse Gases and Their Control**

13. Intervenors deny the allegations in paragraph 13 on grounds that Regulation 37 speaks for itself and is the best evidence of its contents.

14. Intervenors deny the allegations in the first sentence of paragraph 14. Intervenors admit that carbon dioxide ("CO2") is not listed as an "air toxic" by Rhode Island DEM, but deny the remaining allegations in the second sentence of paragraph 14. Intervenors admit that CO2 can be produced by combustion, is exhaled by humans and other animals, and plays a role in plant life. Intervenors deny any remaining allegations of paragraph 14.

15. Intervenors admit the allegations in the first and third sentences of paragraph 15. Intervenors admit that heat-trapping properties of greenhouse gasses cause the average surface temperature of the earth to be higher than it would be otherwise but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in that sentence.

16. Intervenors admit the allegations in paragraph 16.

17. Intervenors deny the allegations in the first and second sentences of paragraph 17. The allegations in the third sentence of paragraph 17 set forth Plaintiffs' characterizations and contentions regarding an EPA Federal Register notice published at 68 Fed. Reg. 52,922. Intervenors deny these allegations on the grounds that the notice speaks for itself and is the best evidence of its contents.

18. Intervenors deny the allegations in paragraph 18.

19. Intervenors deny the allegations in paragraph 19.

20. Intervenors admit that cars and trucks are a significant source of the precursor pollutants for smog, but deny that cars and trucks are a small source of the pollutants that cause global warming. Intervenors deny any remaining allegations in the first and second sentences of paragraph 20. In the third sentence Plaintiffs reference an article published in the journal Resources Magazine. To the extent that a response is required, the Intervenors deny these allegations on the grounds that the article is the best evidence of its contents.

21. Regarding the first half of the first sentence of paragraph 21, Intervenors deny that there is a scientific consensus that carbon dioxide is not itself a harmful pollutant. The remaining allegations in the first and second sentences of paragraph 21 set forth Plaintiffs' characterizations and contentions regarding the CAA, to which no response is required. To the extent that a response is required, the Intervenors deny these allegations on the grounds that the CAA is the best evidence of its contents. The allegations in the third sentence of paragraph 21 set forth Plaintiffs' characterizations and contentions regarding an EPA Federal Register notice published at 68 Fed. Reg. 52,922, to which no response is required.

To the extent a response is required, Intervenors deny these allegations on grounds that the notice speaks for itself and is the best evidence of its contents.

**C. The Regulation of Motor Vehicle Fuel Economy**

22. The allegations of paragraph 22 contain conclusions of law to which no response is required. To the extent a response is required, the first two sentences of paragraph 22 are the Plaintiffs' characterizations and contentions regarding the National Highway Traffic Safety Administration's ("NHTSA") administration of federal fuel economy standards adopted pursuant to EPCA, which program speaks for itself. Intervenors deny these allegations on the grounds that the EPCA and the federal fuel economy standards adopted pursuant to EPCA are the best evidence of their contents. Intervenors deny the allegations in the third sentence of paragraph 22.

23. The allegations in the first sentence of paragraph 23 set forth Plaintiffs' characterizations and contentions regarding NHTSA's administration of federal fuel economy standards adopted pursuant to EPCA, which program speaks for itself. To the extent that a response is required, the Intervenors deny these allegations on the grounds that the EPCA and the federal fuel economy standards adopted pursuant to EPCA are the best evidence of their contents. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 and, on that basis, deny the allegations.

24. The allegations in paragraph 24 set forth the Plaintiffs' characterizations and contentions regarding the Corporate Average Fuel Economy ("CAFE") standards adopted pursuant to EPCA, which standards speak for themselves. To the extent that a response is

required, the Intervenors deny these allegations on the grounds that the EPCA and the CAFE standards are the best evidence of their contents.

25. The allegations in paragraph 25 set forth Plaintiffs' characterizations and contentions regarding the CAFE standards, which standards speak for themselves. To the extent that a response is required, the Intervenors deny these allegations on the grounds that the CAFE standards are the best evidence of their contents.

**1. "Maximum Feasible" Standards**

26. The allegations in paragraph 26 set forth Plaintiffs' characterizations and contentions regarding EPCA, CAFE rulemakings and judicial review of those rulemakings by the U.S. Courts of Appeals, which statutes, rules, and court decisions speak for themselves. To the extent that a response is required, the Intervenors deny these allegations on the grounds that EPCA, CAFE rulemakings, and judicial review of those rulemakings are the best evidence of their contents.

27. The allegations in paragraph 27 contain conclusions of law to which no response is required, and in addition set forth Plaintiffs' characterizations and contentions regarding EPCA, CAFE rulemakings and judicial review of those rulemakings by the U.S. Courts of Appeals, which statutes, rules, and court decisions speak for themselves. To the extent that a response is required, the Intervenors deny these allegations on the grounds that EPCA, CAFE rulemakings, and appellate court review of those rulemakings are the best evidence of their contents.

*(i) Preservation of Consumer Choice*

28. The allegations in paragraph 28 contain conclusions of law to which no response is required, and set forth the Plaintiffs' characterizations and contentions regarding EPCA, a House of Representatives Report, and a federal court decision reported at 847 F.2d 843, all of which speak for themselves. To the extent that a response is required, the Intervenors deny these allegations on the grounds that these sources are the best evidence of their contents.

29. The allegations in paragraph 29 contain conclusions of law to which no response is required, and set forth the Plaintiffs' characterizations and contentions regarding EPCA, the CAFE standards, and a federal court decision reported at 901 F.2d 107, all of which speak for themselves. To the extent that a response is required, the Intervenors deny these allegations on the grounds that these sources are the best evidence of their contents.

*(ii) Promotion of the Automobile Industry in the United States*

30. Paragraph 30 contains conclusions of law to which no response is required. The allegations in the first sentence of paragraph 30 set forth the Plaintiffs' characterizations and contentions regarding EPCA and NHTSA's CAFE rulemakings, which speak for themselves. To the extent that a response is required, Intervenors deny these allegations on the grounds that these sources are the best evidence of their contents. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 and, on that basis, deny the allegations.

31. Paragraph 31 contains conclusions of law to which no response is required, and set forth the Plaintiffs' characterizations and contentions regarding EPCA, NHTSA's CAFE rulemakings, a federal court decision reported at 793 F.2d 1322 and a Federal Register

notice published at 51 Fed. Reg. 35,594, which documents speak for themselves. To the extent that a response is required, the Intervenors deny these allegations on the grounds that these sources are the best evidence of their contents.

*(iii) Minimizing Safety Risks*

32. The allegations in the first sentence of paragraph 32 set forth Plaintiffs' characterizations and contentions regarding the views of NHTSA and "other safety organizations" regarding the relationship between fuel economy and motor vehicle weight. The views of NHTSA and other safety organizations speak for themselves. To the extent that a response is required, the Intervenors deny these allegations on the grounds that the views of NHTSA and other safety organizations and the documents setting forth those views are the best evidence of their contents. The allegations in the second and third sentences set forth the Plaintiffs' characterizations and contentions regarding a report by the National Academy of Sciences, which report speaks for itself. To the extent that a response is required, the Intervenors deny these allegations on the grounds that the report is the best evidence of its own contents.

33. Paragraph 33 contains conclusions of law to which no response is required. The allegations in paragraph 33 set forth the Plaintiffs' characterizations and contentions regarding a federal court decision reported at 901 F.2d 107, which decision speaks for itself. To the extent that a response is required, the Intervenors deny these allegations on the grounds that the reported decision is the best evidence of its contents.

34. Paragraph 34 contains conclusions of law to which no response is required. The allegations in first sentence of paragraph 34 set forth the Plaintiffs' characterizations and

contentions regarding EPCA, which statute speaks for itself. To the extent that a response is required, the Intervenors deny these allegations on the grounds that EPCA is the best evidence of its contents. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34, and, on that basis, deny such allegations.

35. The allegations in the first and fifth sentences of paragraph 35 set forth the Plaintiffs' characterizations and contentions regarding NHTSA's CAFE rulemakings, which rulemakings speak for themselves. To the extent that a response is required, the Intervenors deny these allegations on the grounds that the CAFE rules are the best evidence of their contents. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third, and fourth sentences of paragraph 35 and, on that basis, deny the allegations.

**2. Preemption of State Regulations**

36. Paragraph 36 contains conclusions of law to which no response is required, and sets forth Plaintiffs' characterizations and contentions regarding CAFE rulemakings and EPCA. To the extent that a response is required, Intervenors deny these allegations on grounds that CAFE rulemakings and EPCA speak for themselves and are the best evidence of their contents.

**Environmental Consequences of the Department's $CO_2$ Regulations**

37. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and, on that basis, deny the allegations.

38. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and, on that basis, deny the allegations.

39. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 and, on that basis, deny the allegations. The allegations in the fourth sentence of paragraph 39 set forth the Plaintiffs' characterizations and contentions regarding "a significant body of peer-reviewed economic literature," which literature speaks for itself. To the extent that a response is required, the Intervenors deny these allegations on the grounds that the articles are the best evidence of their contents.

40. Intervenors deny the allegations in the first sentence of paragraph 40. Intervenors admit that Regulation 37 is based on greenhouse gas emission standards adopted by California in 2004. The allegations in the third, fourth and fifth sentences of paragraph 40 set forth the Plaintiffs' characterizations and contentions regarding the California Air Resources Board's (CARB) statements and the California regulations, which sources speak for themselves. To the extent that a response is required, the Intervenors deny these allegations on the grounds that CARB's statements and the California regulations are the best evidence of their contents.

41. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 and, on that basis, deny the allegations.

42. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and, on that basis, deny the allegations.

43. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 and, on that basis, deny the allegations.

44. The allegations in the first sentence of paragraph 44 set forth the Plaintiffs' characterizations and contentions regarding statements by the CARB and the California regulations, which statements speak for themselves. To the extent that a response is required, the Intervenors deny these allegations on the grounds that CARB's statements and the California regulations are the best evidence of their contents. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 44 and, on that basis, deny the allegations.

45. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 and, on that basis, deny the allegations.

46. Intervenors admit that computer models are used to estimate the impact of various changes in greenhouse gas levels on the global biosphere. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of paragraph 46 and, on that basis, deny the allegations. The allegations in the fourth sentence of paragraph 46 set forth the Plaintiffs' characterizations and contentions regarding statements by the CARB, which statements speak for themselves. To the extent that a response is required, the Intervenors deny these allegations on the grounds that CARB's statements are the best evidence of their contents.

## Count 1
## For Declaratory and Injunctive Relief under the Federal Fuel Economy Law and Regulations

47. Responding to the allegations set forth in paragraph 47, Intervenors incorporate their responses to paragraphs 1 through 46, inclusive, as set forth above.

48. The allegations in paragraph 48 set forth Plaintiffs' characterizations and contentions regarding DEM's Regulation 37 as adopted in 1996, which speaks for itself. To the extent that a response is required, the Intervenors deny these allegations on grounds that Regulation 37 is the best evidence of its contents.

49. The allegations in paragraph 49 set forth Plaintiffs' characterizations and contentions regarding amendments to DEM's Regulation 37 adopted in 2004, which amendments speak for themselves. To the extent that a response is required, the Intervenors deny these allegations on grounds that these amendments are the best evidence of their contents.

50. The allegations in paragraph 50 set forth Plaintiffs' characterizations and contentions regarding amendments to DEM's Regulation 37 adopted in 2005, which amendments speak for themselves. To the extent that a response is required, the Intervenors deny these allegations on grounds that these amendments are the best evidence of their contents.

51. The allegations in paragraph 51 set forth Plaintiffs' characterizations and contentions regarding Regulation 37, which speaks for itself. To the extent that a response is required, the Intervenors deny these allegations on grounds that Regulation 37 is the best evidence of its contents.

52. The allegations in paragraph 52 set forth Plaintiffs' characterizations and contentions regarding Regulation 37, which speaks for itself. To the extent that a response is required, Intervenors deny these allegations on grounds that Regulation 37 is the best evidence of its contents.

53. Intervenors deny the allegations in the first sentence of paragraph 53 and associated Table. The remaining allegations of paragraph 53 set forth Plaintiffs' characterizations and contentions regarding federal CAFE standards and Regulation 37, which speak for themselves. To the extent that a response is required, the Intervenors deny these allegations on the grounds that the federal CAFE standards and Regulation 37 are the best evidence of their contents.

54. The allegations in paragraph 54 set forth Plaintiffs' characterizations and contentions regarding Regulation 37 and federal fuel economy regulations, which speak for themselves. To the extent that a response is required, the Intervenors deny these allegations on the grounds that Regulation 37 and federal fuel economy regulations are the best evidence of their contents.

55. Paragraph 55 contains conclusions of law to which no response is required. The allegations in paragraph 55 set forth Plaintiffs' characterizations and contentions regarding EPCA and fuel economy standards promulgated by NHTSA, which statute and regulations speak for themselves. To the extent that a response is required, the Intervenors deny these allegations on the grounds that EPCA and fuel economy standards promulgated by NHTSA are the best evidence of their contents.

56. Paragraph 56 contains conclusions of law to which no response is required. The allegations in paragraph 56 set forth Plaintiffs' characterizations and contentions regarding Regulation 37 and federal fuel economy regulations, which regulations speak for themselves. To the extent that a response is required, the Intervenors deny these allegations

on the grounds that Regulation 37 and federal fuel economy regulations are the best evidence of their contents.

57. Intervenors deny the allegation in the first sentence of paragraph 57 that the primary purpose of Regulation 37 is to require dramatic increases in the fuel economy of cars and trucks sold in Rhode Island. Intervenors lack knowledge or information sufficient to form a belief as to the truth of all remaining allegations in paragraph 57, and, on that basis, deny such allegations.

58. The allegations in the first sentence of paragraph 58 set forth Plaintiffs' characterizations and contentions regarding Regulation 37, which speaks for itself. To the extent that a response is required, the Intervenors deny these allegations on the grounds that Regulation 37 is the best evidence of its contents. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 58, and, on that basis, deny such allegations.

59. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59, and, on that basis, deny such allegations.

60. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60, and, on that basis, deny such allegations.

61. Intervenors deny the allegations in the first sentence of paragraph 61. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 61, and, on that basis, deny such allegations.

62. Intervenors deny the allegations in paragraph 62.

63. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63, and, on that basis, deny such allegations.

64. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second and fifth sentences of paragraph 64, and, on that basis, deny such allegations. The third sentence of paragraph 64 sets forth Plaintiffs' characterizations and contentions regarding unnamed federal safety regulations, which regulations speak for themselves. To the extent that a response is required, the Intervenors deny these allegations on the grounds that the federal government's safety regulations provide the best evidence of their contents. Intervenors deny the allegations in the fourth and sixth sentences in paragraph 64.

65. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65, and, on that basis, deny such allegations.

66. Intervenors deny the allegations in the first sentence of paragraph 66. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 66, and, on that basis, deny such allegations.

67. Intervenors deny the first sentence of paragraph 67. Regarding the allegations in paragraph 67, Intervenors deny that the technology to comply with Regulation 37 is infeasible or that use of such technologies would render sale of compliant vehicles unprofitable. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 67, and, on that basis, deny such allegations.

68. Regarding the allegations in the first sentence of paragraph 68, Intervenors deny that restriction of product lines is the only near-term option available to comply with

Regulation 37. Regarding the allegations in the fourth sentence of paragraph 68, Intervenors deny that redesign of product lines in order to comply with Regulation 37 will cause a loss of sales and goodwill in non-Rhode Island and non-California markets. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 68, and, on that basis, deny such allegations.

69. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69, and, on that basis, deny such allegations.

70. The allegations contained in paragraph 70 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny these allegations.

71. The allegations contained in paragraph 71 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny these allegations.

72. Intervenors deny the allegations in the first and second sentences of paragraph 72. The allegations contained in the third sentence of paragraph 72 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny these allegations. The fourth and fifth sentences of paragraph 72 set forth Plaintiffs' characterizations and contentions regarding a Federal Register notice published at 70 Fed. Reg. 51,414, which notice speaks for itself. To the extent that a response is required, the Intervenors deny these allegations on the grounds that the Federal Register notice published at 70 Fed. Reg. 51,414 is the best evidence of its contents.

73. The allegations contained in paragraph 73 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny these allegations.

74. The allegations contained in the first, second, and fourth sentences of paragraph 74 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny these allegations. Intervenors deny any remaining allegations in paragraph 74.

75. Intervenors deny the allegations in the first sentence of paragraph 75. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 75, and, on that basis, deny such allegations. The remaining allegations in paragraph 75 set forth Plaintiffs' characterizations and contentions regarding statements made by the National Academy of Science, which statements speak for themselves. To the extent that a response is required, Intervenors deny these allegations on the grounds that those statements are the best evidence of their contents.

76. The allegations of paragraph 76 are conclusions of law to which no response is required. To the degree that a response is required, Intervenors admit that the principles of sovereign immunity and official immunity would preclude any claim for monetary injuries or damages, but deny all remaining allegations.

77. The allegations contained in the first and third sentences of paragraph 77 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny these allegations. The remaining allegations in paragraph 77 set forth Plaintiffs' characterizations and contentions regarding positions taken by the State of

California in administrative proceedings, which positions speak for themselves. To the extent that a response is required, Intervenors deny these allegations on the grounds that positions taken by the State of California in administrative proceedings are the best evidence of their contents.

78. Intervenors admit that Plaintiffs seek a declaration that Regulation 37 is preempted and unenforceable, but deny any remaining allegations in paragraph 78.

79. Intervenors deny the allegations in the first sentence of paragraph 79. The remaining allegations are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations.

80. The allegations in paragraph 80 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations.

81. The allegations in paragraph 81 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations.

**Count II**
**For Declaratory and Injunctive Relief under**
**Articles I and II of the United States Constitution**

82. Responding to the allegations set forth in paragraph 82, Intervenors incorporate their responses to paragraphs 1 through 81, inclusive, as set forth above.

83. The allegations in paragraph 83 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations. Additionally, Plaintiffs are precluded by the doctrines of *res judicata*, collateral estoppel, and claim and issue preclusion from raising these allegations for adjudication.

84. Intervenors deny the allegations in the first sentence of paragraph 84. The remaining allegations in paragraph 84 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations. Additionally, Plaintiffs are precluded by the doctrines of *res judicata*, collateral estoppel, and claim and issue preclusion from raising these allegations for adjudication.

85. The allegations in the first, second, and third sentences in paragraph 85 set forth Plaintiffs' characterizations and contentions regarding national and Congressional actions to fight global warming, including the Global Climate Protection Act of 1987, which actions and statute speak for themselves. To the extent that a response is required, the Intervenors deny these allegations on the grounds that these actions and the Global Climate Protection Act of 1987 are the best evidence of their contents. The allegations in the fourth sentence of paragraph 85 set forth Plaintiffs' characterizations and contentions regarding a report from the EPA and the State Department to Congress in the early 1990s, which report speaks for itself. To the extent that a response is required, the Intervenors deny these allegations on the grounds that the report is the best evidence of its contents.

86. The allegations in paragraph 86 set forth the Plaintiffs' characterizations and contentions regarding the U.S. Senate ratification of the United Nations Framework Convention on Climate Change ("UNFCCC"), which document speaks for itself. To the extent that a response is required, the Intervenors deny these allegations on the grounds that the UNFCCC is the best evidence of its contents.

87. Responding to the first sentence in paragraph 87, Intervenors admit that the United States worked with other countries to develop the Kyoto Protocols. The allegations

in the second sentence of paragraph 87 set forth Plaintiffs' characterizations and contentions regarding the Byrd-Hagel Resolution, which Resolution speaks for itself. To the extent that a response is required, the Intervenors deny these allegations on the grounds that the Byrd-Hagel Resolution is the best evidence of its contents. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 87 and, on that basis, deny the allegations. Intervenors deny any remaining allegations in paragraph 87.

88. The allegations in paragraph 88 set forth the Plaintiffs' characterizations and contentions regarding the views of Congress about global warming as expressed in "statutes" and "riders to federal appropriation bills," which documents speak for themselves. To the extent that a response is required, the Intervenors deny these allegations on the grounds that the statutes and riders to federal appropriation bills are the best evidence of their contents.

89. The allegations in the first sentence of paragraph 89 set forth the Plaintiffs' characterizations and contentions regarding the President's statements regarding the Kyoto Protocols, which statements speak for themselves. To the extent that a response is required, the Intervenors deny these allegations on the grounds that the President's statements regarding the Kyoto Protocols are the best evidence of their contents. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 89 and, on that basis, deny the allegations.

90. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 90 and, on that basis, deny the

allegations. The allegations in the second, third and fourth sentences of paragraph 90 set forth Plaintiffs' characterizations and contentions regarding an EPA federal register notice published at 68 Fed. Reg. 52,931, which notice speaks for itself. To the extent that a response is required, the Intervenors deny these allegations on the grounds that the EPA federal register notice published at 68 Fed. Reg. 52,931 is the best evidence of its contents.

91. The allegations in paragraph 91 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations.

92. The allegations in paragraph 92 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations. Additionally, Plaintiffs are precluded by the doctrines of *res judicata*, collateral estoppel, and claim and issue preclusion from raising these allegations for adjudication. Intervenors deny the allegations in the third sentence in paragraph 92.

93. The allegations in paragraph 93 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations. Additionally, Plaintiffs are precluded by the doctrines of *res judicata*, collateral estoppel, and claim and issue preclusion from raising these allegations for adjudication.

94. The allegations in paragraph 94 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations.

95. The allegations in paragraph 95 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations.

**Count III**
**For Declaratory and Injunctive Relief**
**under the Clean Air Act**

96. Responding to the allegations set forth in paragraph 96, Intervenors incorporate their responses to paragraphs 1 through 95, inclusive, as set forth above. The remaining allegations in paragraph 96 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations.

97. The allegations in paragraph 97 are conclusions of law to which no response is required. Paragraph 97 also sets forth the Plaintiffs' characterizations and contentions regarding the CAA and a House of Representatives Report, which documents speak for themselves. To the extent that a response is required, the Intervenors deny these allegations on the grounds that these sources are the best evidence of their contents.

98. The allegations in paragraph 98 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations.

99. Paragraph 99 contains conclusions of law to which no response is required. The allegations in the first, second and third sentences of paragraph 99 also set forth the Plaintiffs' characterizations and contentions regarding the CAA, which statute speaks for itself. To the extent that a response is required, the Intervenors deny these allegations on the grounds that the CAA is the best evidence of its contents. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of paragraph 99, and, on that basis, deny such allegations.

100. Regarding the first sentence in paragraph 100, Intervenors admit that the 2004 and 2005 amendments to Regulation 37 are identical to California's regulations that

have been submitted to EPA for review under CAA section 209(b). Intervenors deny that EPA has not taken final action on those submittals. On December 19, 2007, EPA Administrator Stephen Johnson issued a letter to Governor Schwarzenegger of California denying California's request for a waiver. Intervenors, California and other states, including Rhode Island, have challenged the legality of Administrator Johnson's decision. See Sierra Club et al. v. U.S. EPA, No. 08-70030 (9th Cir., Jan. 2, 2008); State of California v. U.S. EPA, No. 09-70011(9th Cir., Jan.2, 2008). Regarding the allegations in the second sentence of paragraph 100, Intervenors admit that the DEM regulations cannot be enforced unless EPA's denial of California's waiver request is overturned. Intervenors deny any remaining allegations.

101. The allegations of paragraph 101 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations. Intervenors also incorporate by reference their response to paragraph 100.

102. The allegations in the first sentence of paragraph 102 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations. The second and third sentences of paragraph 102 set forth the Plaintiffs' characterizations and contentions regarding Regulation 37, which regulation speaks for itself. To the extent that a response is required, the Intervenors deny these allegations on the grounds that Regulation 37 is the best evidence of its contents.

103. Intervenors deny the allegations in paragraph 103.

104. The allegations in paragraph 104 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations.

105. The allegations in the first sentence of paragraph 105 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations. The remaining allegations in paragraph 105 set forth the Plaintiffs' characterizations and contentions regarding Regulation 37 and the identical California regulations, which regulations speak for themselves. To the extent that a response is required, the Intervenors deny these allegations on the grounds that these regulations are the best evidence of their contents.

106. The allegations in paragraph 106 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations. Intervenors also incorporate by reference their answer to paragraph 100.

107. The allegations in paragraph 107 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations.

108. The allegations in paragraph 108 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations.

109. The allegations in the first and second sentences of paragraph 109 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations. Intervenors deny the allegations in the third sentence of paragraph 109. Intervenors also incorporate by reference their answer to paragraph 100.

110. The allegations in paragraph 110 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations.

111. The allegations in paragraph 111 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations. Intervenors also incorporate by reference their answer to paragraph 100.

112. The allegations in paragraph 112 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations.

113. The allegations in paragraph 113 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations.

**Count IV**
**For Declaratory Relief under Article I**
**Of the United States Constitution**

114. Responding to the allegations set forth in paragraph 114, Intervenors incorporate their responses to paragraphs 1 through 113, inclusive, as set forth above.

115. Intervenors deny the allegations in paragraph 115.

116. The allegations in paragraph 116 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations.

117. The allegations in paragraph 117 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations.

118. The allegations in the first two sentences of paragraph 118 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations. Intervenors deny the allegations in the third sentence of paragraph 118. Additionally, Plaintiffs are precluded by the doctrines of *res judicata*, collateral estoppel, and claim and issue preclusion from raising these issues for adjudication.

119. The allegations in paragraph 119 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations.

**<u>Count V</u>**
**For Declaratory and Injunctive**
**Relief under the Sherman Antitrust Act**

120. Responding to the allegations set forth in paragraph 120, Intervenors incorporate their responses to paragraphs 1 through 119, inclusive, as set forth above.

121. The allegations in paragraph 121 set forth the Plaintiffs' characterizations and contentions regarding Regulation 37, which regulation speaks for itself. To the extent that a response is required, Intervenors deny these allegations on the grounds that Regulation 37 is the best evidence of its contents.

122. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122 and, on that basis, deny the allegations.

123. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in paragraph 123 and, on that basis, deny the allegations. The allegations in the second and third sentences of paragraph 123 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations.

124. The allegations in paragraph 124 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations.

125. The allegations in the first two sentences of paragraph 125 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny

the allegations. Intervenors deny the allegations in the last sentence in paragraph 125. Intervenors also incorporate by reference their answer to paragraph 100.

126. The allegations of paragraph 126 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations.

127. The allegations of paragraph 127 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations. Intervenors also incorporate by reference their answer to paragraph 100.

128. The allegations of paragraph 128 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations.

129. The allegations of paragraph 129 are conclusions of law to which no response is required. To the extent that a response is required, Intervenors deny the allegations.

**PLAINTIFFS' PRAYER FOR RELIEF**

The remaining allegations in the Complaint are the Plaintiffs' prayers for relief to which no response is required. To the extent that a response is required, Intervenors deny these allegations.

**AFFIRMATIVE DEFENSES**

1. The Court lacks subject matter jurisdiction over each of Plaintiffs' causes of action.

2. The Complaint fails to state a claim upon which relief can be granted.

3. Certain Plaintiffs lack standing to assert the claims that are the subject of the Complaint.

4. The Clean Air Act authorizes Rhode Island to adopt California's emission standards for new motor vehicles.

5. The claims are barred, in whole or in part, because Plaintiffs failed to join all parties needed for a just adjudication under F. R. Civ. P. 19.

6. The claims are barred, in whole or in part, under the doctrines of *res judicata*, collateral estoppel, and issue and claim preclusion.

**RELIEF REQUESTED**

Intervenors request that:

1. Judgment be awarded against the Plaintiffs and in favor of Defendant and Intervenors;

2. The Court enter a declaration that Rhode Island's Regulation 37 does not violate federal law under the theories alleged in the Plaintiffs' claims for relief;

3. Intervenors be awarded their costs of suit and attorneys' fees; and

4. The Court provide any other relief it deems appropriate in this matter.

Dated: January 11, 2008

Respectfully submitted,

/s/ Cynthia Giles____________

Cynthia Giles #5868
Conservation Law Foundation
55 Dorrance Street
Providence, RI 02903-2221
Phone: (401) 351-1102 Fax: (401) 351-1130
Email: cgiles@clf.org

Counsel for Intervenors Conservation Law Foundation, Sierra Club, Natural Resources Defense Council and Environmental Defense

**CERTIFICATION**

I, the undersigned, hereby certify that the foregoing Answer was filed electronically with the Clerk of Court and served upon the following by operation of the Court's electronic filing system:

Tricia K. Jedele, Esq., tjedele@riag.ri.gov
Kristin E. Rodgers, Esq., ker@blishcavlaw.com
Mary C. Dunn, Esq. mcd@blishcavlaw.com
Joseph V. Cavanagh, Jr., jvc@blishcavlaw.com
Patricia K. Rocha, Esq., procha@asplaw.com
John A. Tarantino, Esq., jtarantino@apslaw.com
Stuart A.C. Drake, Esq., sdrake@kirkland.com
Andrew B. Clubok, Esq., aclubok@kirkland.com
Bradford W. Kuster, Esq., bkuster@clf.org

and by regular mail, postage pre-paid, on this 11th day of January, 2008 to those indicated below:

David J. Bookbinder, Esq.
Sierra Club
408 C Street, NE
Washington, DC 20002

Charles H. Haake, Esq.
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, NW
Washington, DC 20036

Raymond B. Ludwiszewski, Esq.
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Avenue, NW
Washington, DC 20036

/s/ Cynthia Giles
Cynthia Giles