**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LINCOLN DODGE, INC., et al.** | : | |
| **Plaintiffs,** | : | |
| **v.** | : | |
| **W. MICHAEL SULLIVAN, in his official Capacity only as Director of the Rhode Island Department of Environmental Management,** | : | **C.A. No. 06-70T** |
| **Defendant.** | : | |

**DEFENDANT'S ANSWER TO COMPLAINT FILED BY LINCOLN DODGE, INC., ET AL.**

Defendant W. Michael Sullivan ("Defendant") who is being sued in his official capacity as the state officer respectively in charge of the Rhode Island Department of Environmental Management ("DEM") hereby answers the complaint for injunctive and declaratory relief ("Complaint") filed by Lincoln Dodge, Inc., et al. ("Plaintiifs").

## Introduction

1. The introductory paragraph characterizes the allegations set forth in Plaintiffs' Complaint. Defendant denies these allegations on grounds that the Complaint speaks for itself and is the best evidence of its contents. Defendant denies that Rhode Island Air Pollution Control Regulation No. 37 ("Regulation 37"), adopted pursuant to Rhode Island's authority under the federal Clean Air Act ("CAA"), 33 U.S.C. § 7507, is preempted by federal law and that the Court has jurisdiction to grant relief.

2. Defendant admits that the Rhode Island Department of Environmental

PDF created with pdfFactory trial version www.pdffactory.com

Management ("DEM") adopted Regulation 37 to control air pollution from new cars and trucks in 2004 and 2005. Defendant denies the remaining allegations in paragraph 2.

*a.* Defendant denies the allegations set forth in paragraph 2a on grounds that they contain conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations. Defendant further denies the allegations of the first sentence of paragraph 2a on the grounds that Regulation 37 speaks for itself and is the best evidence of its contents. Defendant denies the second sentence of paragraph 2a on the grounds that the Energy Policy and Conservation Act ("EPCA") speaks for itself and is the best evidence of its contents. Additionally, Plaintiffs are precluded by the doctrines of *res judicata*, collateral estoppel, and claim and issue preclusion from raising these allegations for adjudication.

*b.* Defendant admits that one object of Regulation 37 is to address the effects of climate change. The remaining allegations in paragraph 2b are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations. Additionally, Plaintiffs are precluded by the doctrines of *res judicata*, collateral estoppel, and claim and issue preclusion from raising these allegations for adjudication.

*c.* The first sentence in paragraph 2c sets forth Plaintiffs' characterization and contentions regarding the CAA. Defendant denies these allegations on grounds that the CAA speaks for itself and is the best evidence of its contents. Regarding the second sentence in paragraph 2c, Defendants admit that the Environmental Protection Agency ("EPA") Administrator Stephen Johnson issued a letter to Governor Schwarzenegger of California on December 19, 2007, in which Administrator stated that EPA was denying California's request for a waiver under Section 209 (b)(1)(B) of the CAA. The State of Rhode Island has challenged the legality of EPA's decision. See State of California et al v. U.S. EPA, No. 09-70011 (9th Cir.,

PDF created with pdfFactory trial version www.pdffactory.com

Jan. 2, 2008). The allegations in the third and fourth sentences of paragraph 2c are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations. Additionally, Plaintiffs are precluded by the doctrines of *res judicata*, collateral estoppel, and claim and issue preclusion from raising these allegations for adjudication.

*d.* The allegations in paragraph 2d are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations.

*e.* The allegations in paragraph 2e are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations.

**Parties, Jurisdiction and Venue**

3. Defendant admits that the Plaintiffs in this case include entities that identify themselves as motor vehicle dealers, automobile manufacturers, and an association of automobile manufacturers.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and fourth sentences of paragraph 4 and, on that basis, denies the allegations. Defendant admits the allegations in the third sentence of paragraph 4.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 and, on that basis, denies the allegations.

6. Defendant admits that General Motors Corporation and the Chrysler Corporation (formerly the DaimlerChrysler Corp.) are manufacturers of new motor vehicles, that some of their vehicles are sold in Rhode Island, and that manufacturers of new motor vehicles are subject to Regulation 37. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 and, on that basis, denies the allegations.

7. Defendant admits that DEM is a state agency and that it is organized pursuant R.L.

PDF created with pdfFactory trial version www.pdffactory.com

Gen. Laws § 42-17.1.1 *et seq.* and existing under the laws of the State of Rhode Island. Defendant admits that DEM adopted Regulation 37. Defendant admits that W. Michael Sullivan is the Director of DEM and as such is charged with administering the enforcement of state regulations that he is authorized to enforce by law. Defendant admits that W. Michael Sullivan was made the defendant in this action solely in his official capacity. Defendant denies all remaining allegations in paragraph 7.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 8 and, on that basis, denies the allegations. The allegations in the third sentence are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

9. Paragraph 9 characterizes the allegations set forth in Plaintiffs' Complaint. Defendant denies these allegations on grounds that that the Complaint speaks for itself and is the best evidence of its own contents, and further denies these allegations on the basis that they contain legal conclusions to which no response is required. Defendant denies that the state law and regulations are preempted by federal law as stated in paragraph 9 or that this Court has jurisdiction to grant relief.

## **The Technical and Environmental Background of the Litigation**

### A. Regulation and Control of Motor Vehicle Air Pollution

10. Defendant admits the allegations in the first sentence of paragraph 10. Defendant denies the allegations in the second sentence of paragraph 10 on grounds that the EPA's motor vehicle regulation speaks for itself and is the best evidence of its own contents.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 11 and, on that basis, denies the

PDF created with pdfFactory trial version www.pdffactory.com

allegations. Defendant denies the allegations in the second sentence of paragraph 11 on grounds that the CAA speaks for itself and is the best evidence of its contents. Defendant denies the allegations in the third sentence of paragraph 11 on grounds that Rhode Island's air quality attainment status and plans filed with the EPA speak for themselves and are the best evidence of their contents.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 12 and, on that basis, denies the allegations. Defendant denies the allegations in the second and third sentences of paragraph 12 on grounds that EPA emission standards and Rhode Island's air quality plans filed with the EPA speak for themselves and are the best evidence of their own contents.

**B. Greenhouse Gases and Their Control**

13. Defendant denies the allegations in paragraph 13 on grounds that Regulation 37 speaks for itself and is the best evidence of its own contents.

14. Defendant denies the allegations in the first sentence of paragraph 14. Defendant admits that carbon dioxide ("CO2") is not listed as an "air toxic" by Rhode Island DEM, but denies the remaining allegations in the second sentence of paragraph 14. Defendant admits that CO2 can be produced by combustion, is exhaled by humans and other animals, and plays a role in plant life. Defendant denies any remaining allegations of paragraph 14.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentence of paragraph 15 and, on that basis, denies the allegations. Regarding the second sentence of paragraph 15, Defendant admits that the heat-trapping properties of greenhouse gases, including carbon dioxide, are causing an increase in the average surface temperatures of the earth, but denies the remaining allegations.

PDF created with pdfFactory trial version www.pdffactory.com

16. Defendant admits the allegations in paragraph 16.

17. Defendant denies the allegations in the first and second sentences of paragraph 17. The allegations in the third sentence of paragraph 17 set forth Plaintiffs' characterizations and contentions regarding an EPA Federal Register notice published at 68 Fed. Reg. 52,922. Defendant denies these allegations on the grounds that the notice speaks for itself and is the best evidence of its own contents.

18. Defendant denies the allegations in paragraph 18.

19. Defendant denies the allegations in paragraph 19.

20. Defendant admits that cars and trucks are a significant source of the precursor pollutants for smog, but denies that cars and trucks are a small source of the pollutants that cause global warming. Defendant denies any remaining allegations in the first and second sentences of paragraph 20. In the third sentence Plaintiffs reference an article published in the journal Resources Magazine. To the extent that a response is required, the Defendant denies these allegations on the grounds that the article speaks for itself and is the best evidence of its own contents.

21. Regarding the first half of the first sentence of paragraph 21, Defendant denies that there is a scientific consensus that carbon dioxide is not itself a harmful pollutant. The remaining allegations in the first and second sentences of paragraph 21 set forth Plaintiffs' characterizations and contentions regarding the CAA, to which no response is required. To the extent that a response is required, the Defendant denies these allegations on the grounds that the CAA speaks for itself and is the best evidence of its own contents. The allegations in the third sentence of paragraph 21 set forth Plaintiffs' characterizations and contentions regarding an EPA Federal Register notice published at 68 Fed. Reg. 52,922 to which no response is required. To

PDF created with pdfFactory trial version www.pdffactory.com

the extent a response is required, Defendant denies these allegations on grounds that the notice speaks for itself and is the best evidence of its own contents.

**C. The Regulation of Motor Vehicle Fuel Economy**

22. The allegations of paragraph 22 contain conclusions of law to which no response is required. To the extent a response is required, the first two sentences of paragraph 22 are the Plaintiffs' characterizations and contentions regarding the National Highway Traffic Safety Administration's ("NHTSA") administration of federal fuel economy standards adopted pursuant to EPCA, which program speaks for itself. Defendant denies these allegations on the grounds that EPCA and the federal fuel economy standards adopted pursuant to EPCA are the best evidence of their own contents. Defendant denies the allegations in the third sentence of paragraph 22.

23. The allegations in the first sentence of paragraph 23 set forth Plaintiffs' characterizations and contentions regarding NHTSA's administration of federal fuel economy standards adopted pursuant to EPCA, which program speaks for itself. To the extent that a response is required, the Defendant denies these allegations on the grounds that the EPCA and the federal fuel economy standards adopted pursuant to EPCA are the best evidence of their own contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 and, on that basis, denies the allegations.

24. The allegations in paragraph 24 set forth the Plaintiffs' characterizations and contentions regarding the Corporate Average Fuel Economy ("CAFE") standards adopted pursuant to EPCA, which standards speak for themselves. To the extent that a response is required, the Defendant denies these allegations on the grounds that EPCA and the CAFE standards are the best evidence of their own contents.

PDF created with pdfFactory trial version www.pdffactory.com

25. The allegations in paragraph 25 set forth Plaintiffs' characterizations and contentions regarding the CAFE standards, which standards speak for themselves. To the extent that a response is required, Defendant denies these allegations on the grounds that the CAFE standards are the best evidence of their own contents.

**1. "Maximum Feasible" Standards**

26. The allegations in paragraph 26 set forth Plaintiffs' characterizations and contentions regarding EPCA, CAFE rulemakings and judicial review of those rulemakings by the U.S. Courts of Appeals, which statutes, rules, and court decisions speak for themselves. To the extent that a response is required, the Defendant denies these allegations on the grounds that EPCA, CAFE rulemakings, and judicial review of those rulemakings are the best evidence of their own contents.

27. The allegations in paragraph 27 contain conclusions of law to which no response is required, and in addition set forth Plaintiffs' characterizations and contentions regarding EPCA, CAFE rulemakings and judicial review of those rulemakings by the U.S. Courts of Appeals, which statutes, rules, and court decisions speak for themselves. To the extent that a response is required, the Defendant denies these allegations on the grounds that EPCA, CAFE rulemakings, and appellate court review of those rulemakings are the best evidence of their own contents.

*(i) Preservation of Consumer choice*

28. The allegations in paragraph 28 contain conclusions of law to which no response is required, and set forth the Plaintiffs' characterizations and contentions regarding EPCA, a House of Representatives Report, and a federal court decision reported at 847 F.2d 843, all of which speak for themselves. To the extent that a response is required, the Defendant denies these allegations on the grounds that these sources are the best evidence of their own contents.

PDF created with pdfFactory trial version www.pdffactory.com

29. The allegations in paragraph 29 contain conclusions of law to which no response is required, and set forth the Plaintiffs' characterizations and contentions regarding EPCA, the CAFE standards, and a federal court decision reported at 901 F.2d 107, all of which speak for themselves. To the extent that a response is required, the Defendant denies these allegations on the grounds that these sources are the best evidence of their own contents.

*(ii) Promotion of the Automobile Industry in the United States*

30. Paragraph 30 contains conclusions of law to which no response is required. The allegations in the first sentence of paragraph 30 set forth the Plaintiffs' characterizations and contentions regarding EPCA and NHTSA's CAFE rulemakings, which speak for themselves. To the extent that a response is required, Defendant denies these allegations on the grounds that these sources are the best evidence of their own contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 and, on that basis, denies the allegations.

31. Paragraph 31 contains conclusions of law to which no response is required, and set forth the Plaintiffs' characterizations and contentions regarding EPCA, NHTSA's CAFE rulemakings, a federal court decision reported at 793 F.2d 1322 and a Federal Register notice published at 51 Fed. Reg. 35,594, which documents speak for themselves. To the extent that a response is required, the Defendant denies these allegations on the grounds that these sources are the best evidence of their own contents.

*(iii) Minimizing Safety Risks*

32. The allegations in the first sentence of paragraph 32 set forth Plaintiffs' characterizations and contentions regarding the views of NHTSA and "other safety organizations" regarding the relationship between fuel economy and motor vehicle weight. The

PDF created with pdfFactory trial version www.pdffactory.com

views of NHTSA and other safety organizations speak for themselves. To the extent that a response is required, the Defendant denies these allegations on the grounds that the views of NHTSA and other safety organizations and the documents setting forth those views are the best evidence of their own contents. The allegations in the second and third sentences set forth the Plaintiffs' characterizations and contentions regarding a report by the National Academy of Sciences, which report speaks for itself. To the extent that a response is required, the Defendant denies these allegations on the grounds that the report is the best evidence of its own contents.

33. Paragraph 33 contains conclusions of law to which no response is required. The allegations in paragraph 33 set forth the Plaintiffs' characterizations and contentions regarding a federal court decision reported at 901 F.2d 107, which decision speaks for itself. To the extent that a response is required, the Defendant denies these allegations on the grounds that the reported decision is the best evidence of its own contents.

34. Paragraph 34 contains conclusions of law to which no response is required. The allegations in the first sentence of paragraph 34 set forth the Plaintiffs' characterizations and contentions regarding EPCA, which statute speaks for itself. To the extent that a response is required, the Defendant denies these allegations on the grounds that EPCA is the best evidence of its own contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34, and, on that basis, denies such allegations.

35. The allegations in the first and fifth sentences of paragraph 35 set forth the Plaintiffs' characterizations and contentions regarding NHTSA's CAFE rulemakings, which rulemakings speak for themselves. To the extent that a response is required, the Defendant denies these allegations on the grounds that the CAFE rules are the best evidence of their own contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of

PDF created with pdfFactory trial version www.pdffactory.com

the allegations in the second, third, and fourth sentences of paragraph 35 and, on that basis, denies the allegations.

**2. Preemption of State Regulation**

36. Paragraph 36 contains conclusions of law to which no response is required, and sets forth Plaintiffs' characterizations and contentions regarding CAFE rulemakings and EPCA. To the extent that a response is required, Defendant denies these allegations on the grounds that CAFE rulemakings and EPCA speak for themselves and are the best evidence of their own contents.

**Environmental Consequences of the Department's CO1 Regulations**

37. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and, on that basis, denies the allegations.

38. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and, on that basis, denies the allegations.

39. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 and, on that basis, denies the allegations. The allegations in the fourth sentence of paragraph 39 set forth the Plaintiffs' characterizations and contentions regarding "a significant body of peer-reviewed economic literature," which literature speaks for itself. To the extent that a response is required, the Defendant denies these allegations on the grounds that the articles are the best evidence of their own contents.

40. Defendant denies the allegations in the first sentence of paragraph 40. Defendant admits that Regulation 37 is based on greenhouse gas emission standards adopted by California in 2004. The allegations in the third, fourth and fifth sentences of paragraph 40 set forth the Plaintiffs' characterizations and contentions regarding the California Air Resources Board's

PDF created with pdfFactory trial version www.pdffactory.com

(CARB) statements and the California regulations, which sources speak for themselves. To the extent that a response is required, the Defendant denies these allegations on the grounds that CARB's statements and the California regulations are the best evidence of their own contents.

41. Defendant admits that during the public comment period in re: Proposed Amendments to Air Pollution Control Regulation No. 37, entitled "Rhode Island's Low Emission Vehicle Program, DEM's Office of Air Resources received comments concerning a possible fleet turnover effect. In DEM's Official Response to Comments decisional document, which document speaks for itself, the Office of Air Resources accepted the estimates prepared by the California Air Resources Board. To the extent an additional response is required, Defendant answers that it adopted Regulation 37 consistent with the requirements of Section 177, and otherwise denies the allegations in paragraph 41 on the grounds that DEM's decisional document issued by the Defendant is the best evidence of its own contents

42. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 42 and, on that basis, denies the allegations. The second and third sentences of paragraph 42 set forth the Plaintiffs' characterizations and contentions regarding a study led by a former Executive Officer of the California Air Resources Board and a former member of the faculty at Harvard's Kennedy School of Government, which source speaks for itself. To the extent that a response is required, Defendant responds that it adopted Regulation 37 consistent with the requirements in Section 177 of the CAA, and otherwise specifically denies these allegations on the grounds that the study is the best evidence of its own content.

43. The first and second sentences of paragraph 43 sets forth the Plaintiffs' characterizations and contentions regarding a study of fleet-wide emissions effects, which source

PDF created with pdfFactory trial version www.pdffactory.com

speaks for itself. The third sentence in paragraph 43 is a statement of Plaintiffs' characterizations and conclusions about what percentage of increase in emissions would be significant to Rhode Island's efforts to reduce smog-forming emissions, and as such, no response is required. To the extent that a response is required, the Defendant denies the conclusion reached by Plaintiffs in the third sentence of paragraph 43 and refers to DEM's Official Response to Comments decisional document, which speaks for itself.

44. The allegations in the first sentence of paragraph 44 set forth the Plaintiffs' characterizations and contentions regarding statements by the CARB and the California regulations, which statements speak for themselves. To the extent that a response is required, the Defendant denies these allegations on the grounds that CARB's statements and the California regulations are the best evidence of their own contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 44 and, on that basis, denies the allegations.

45. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 45 and, on that basis, denies the allegation. Defendant admits that an analysis of the impact of the greenhouse gas rule on ozone forming emissions in Rhode Island was submitted to the DEM during the public comment period on the proposed Regulation 37. Defendant admits that the third sentence of paragraph 45 refers to a statement made by DEM in response to public comments received on the proposed amendments to Regulation 37, but denies any allegations made in the third sentence on the grounds that DEM's Official Response to Comments decisional document speaks for itself and is the best evidence of its own contents.

PDF created with pdfFactory trial version www.pdffactory.com

46. Defendant admits that computer models are used to estimate the impact of various changes in greenhouse gas levels on the global biosphere. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of paragraph 46 and, on that basis, denies the allegations. The allegations in the fourth sentence of paragraph 46 set forth the Plaintiffs' characterizations and contentions regarding statements by the CARB, which statements speak for themselves. To the extent that a response is required, the Defendant denies these allegations on the grounds that CARB's statements are the best evidence of their own contents.

**Count I**
**For Declaratory and Injunctive Relief under the Federal Fuel Economy Law and Regulation**

47. Responding to the allegations set forth in paragraph 47, Defendant incorporates his responses to paragraphs 1 through 46, inclusive, as set forth above.

48. The allegations in paragraph 48 set forth Plaintiffs' characterizations and contentions regarding DEM's Regulation 37 as adopted in 1996, which speaks for itself. To the extent that a response is required, the Defendant denies these allegations on grounds that Regulation 37 is the best evidence of its own contents.

49. The allegations in paragraph 49 set forth Plaintiffs' characterizations and contentions regarding amendments to DEM's Regulation 37 adopted in 2004, which amendments speak for themselves. To the extent that a response is required, the Defendant denies these allegations on grounds that these amendments are the best evidence of their own contents.

50. The allegations in paragraph 50 set forth Plaintiffs' characterizations and contentions regarding amendments to DEM's Regulation 37 adopted in 2005, which amendments speak for themselves. To the extent that a response is required, the Defendant

PDF created with pdfFactory trial version www.pdffactory.com

denies these allegations on grounds that these amendments are the best evidence of their own contents.

51. The allegations in paragraph 51 set forth Plaintiffs' characterizations and contentions regarding Regulation 37, which speaks for itself. To the extent that a response is required, the Defendant denies these allegations on grounds that Regulation 37 is the best evidence of its own contents.

52. The allegations in paragraph 52 set forth Plaintiffs' characterizations and contentions regarding Regulation 37, which speaks for itself. To the extent that a response is required, Defendant denies these allegations on grounds that Regulation 37 is the best evidence of its own contents.

53. Defendant denies the allegations in the first sentence of paragraph 53 and associated Table. The remaining allegations of paragraph 53 set forth Plaintiffs' characterizations and contentions regarding federal CAFE standards and Regulation 37, which speak for themselves. To the extent that a response is required, the Defendant denies these allegations on the grounds that the federal CAFE standards and Regulation 37 are the best evidence of their own contents.

54. The allegations in paragraph 54 set forth Plaintiffs' characterizations and contentions regarding Regulation 37 and federal fuel economy regulations, which speak for themselves. To the extent that a response is required, the Defendant denies these allegations on the grounds that Regulation 37 and federal fuel economy regulations are the best evidence of their own contents.

55. Paragraph 55 contains conclusions of law to which no response is required. The allegations in paragraph 55 set forth Plaintiffs' characterizations and contentions regarding

PDF created with pdfFactory trial version www.pdffactory.com

EPCA and fuel economy standards promulgated by NHTSA, which statute and regulations speak for themselves. To the extent that a response is required, the Defendant denies these allegations on the grounds that EPCA and fuel economy standards promulgated by NHTSA are the best evidence of their own contents.

56. Paragraph 56 contains conclusions of law to which no response is required. The allegations in paragraph 56 set forth Plaintiffs' characterizations and contentions regarding Regulation 37 and federal fuel economy regulations, which regulations speak for themselves. To the extent that a response is required, the Defendant denies these allegations on the grounds that Regulation 37 and federal fuel economy regulations are the best evidence of their own contents.

57. In response to the allegations made in the first sentence of paragraph 57, Defendant denies that the primary purpose of DEM's Regulation 37 will be to require dramatic increases in the fuel economy of cars and trucks sold in Rhode Island, but admits that decreasing carbon dioxide emissions from motor vehicles could improve fuel economy. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third, and fourth sentences of paragraph 57, and, on that basis, denies such allegations.

58. The allegations in the first sentence of paragraph 58 set forth Plaintiffs' characterizations and contentions regarding public comments received by DEM with respect to Regulation 37. The public comments speak for themselves. To the extent that a response is required, the Defendant denies these allegations on the grounds that Regulation 37, and the comments received with respect to its proposed adoption are the best evidence of their own contents. Defendant specifically denies that Regulation 37 is a state fuel economy regulation. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 58, and, on that basis, denies such allegations.

PDF created with pdfFactory trial version www.pdffactory.com

59. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59, and, on that basis, denies such allegations.

60. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60, and, on that basis, denies such allegations.

61. Defendant denies the allegations in the first sentence of paragraph 61. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 61, and, on that basis, denies such allegations.

62. Defendant denies the allegations in paragraph 62.

63. In response to the first half of the first sentence of paragraph 63, Defendant responds that it made the considerations required by Rhode Island General Laws, R.I.G.L. §42-35.3.3 and adopted Regulation 37 consistent with the requirements of Section 177 of the CAA. In response to the second half of the first sentence in paragraph 63, Defendant answers that Regulation 37 is an air emissions regulation and as such the Defendant is not authorized or required by law to consider impacts to fuel economy. Defendant denies the remaining allegations in paragraph 63 on the grounds that Regulation 37 is an air emissions regulation not a fuel economy regulation.

64. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second, and fifth sentences of paragraph 64, and, on that basis, denies such allegations. The third sentence of paragraph 64 sets forth Plaintiffs' characterizations and contentions regarding unnamed federal safety regulations, which regulations speak for themselves. To the extent that a response is required, the Defendant denies these allegations on the grounds that the federal government's safety regulations provide the best

PDF created with pdfFactory trial version www.pdffactory.com

evidence of their contents. Defendant denies the allegations in the fourth, and sixth sentences in paragraph 64.

65. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65, and, on that basis, denies such allegations.

66. Defendant denies the first sentence in allegations in paragraph 66. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 66.

67. Defendant denies the first sentence in paragraph 67. Regarding the remaining allegations in paragraph 67, Defendant denies that the technology to comply with Regulation 37 is infeasible or that use of such technologies would render sale of compliant vehicles unprofitable. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 67, and, on that basis, denies such allegations.

68. Regarding the allegations in the first sentence of paragraph 68, Defendant denies that restriction of product lines is the only near-term option available to comply with Regulation 37. Regarding the allegations in the second sentence of paragraph 68, Defendant denies that redesign of product lines in order to comply with Regulation 37 will cause a loss of sales and goodwill in non-Rhode Island and non-California markets. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 68, and, on that basis, denies such allegations.

69. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69, and, on that basis, denies such allegations.

70. The allegations contained in paragraph 70 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies these

PDF created with pdfFactory trial version www.pdffactory.com

allegations.

71. The allegations contained in paragraph 71 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies these allegations.

72. Defendant denies the allegations in the first and second sentences of paragraph 72. The allegations contained in the third sentence of paragraph 72 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies these allegations. The fourth and fifth sentences of paragraph 72 set forth Plaintiffs' characterizations and contentions regarding a Federal Register notice published at 70 Fed. Reg. 51,414, which notice speaks for itself. To the extent that a response is required, the Defendant denies these allegations on the grounds that the Federal Register notice published at 70 Fed. Reg. 51,414 is the best evidence of its own contents.

73. The allegations contained in paragraph 73 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies these allegations.

74. The allegations contained in the first, second, and fourth sentences of paragraph 74 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies these allegations. Defendant denies any remaining allegations in paragraph 74.

75. Defendant denies the allegations in the first sentence of paragraph 75. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 75, and, on that basis, denies such allegations. The remaining allegations in paragraph 75 set forth Plaintiffs' characterizations and contentions regarding

PDF created with pdfFactory trial version www.pdffactory.com

statements made by the National Academy of Science, which statements speak for themselves. To the extent that a response is required, Defendant denies these allegations on the grounds that those statements are the best evidence of their own contents.

76. The allegations of paragraph 76 are conclusions of law to which no response is required. To the degree that a response is required, Defendant admits that the principles of sovereign immunity and official immunity would preclude any claim for monetary injuries or damages, but denies all remaining allegations.

77. The allegations contained in the first and third sentences of paragraph 77 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies these allegations. The remaining allegations in paragraph 77 set forth Plaintiffs' characterizations and contentions regarding positions taken by the State of California in administrative proceedings, which positions speak for themselves. To the extent that a response is required, Defendant denies these allegations on the grounds that positions taken by the State of California in administrative proceedings are the best evidence of their own contents.

78. Defendant admits that Plaintiffs seek a declaration that Regulation 37 is preempted and unenforceable, but denies any remaining allegations in paragraph 78.

79. Defendant denies the allegations in the first sentence of paragraph 79. The remaining allegations are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations.

80. The allegations in paragraph 80 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations.

81. The allegations in paragraph 81 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations.

PDF created with pdfFactory trial version www.pdffactory.com

**Count II**
**For Declaratory and Injunction Relief under**
**Articles land II of the United States Constitution**

82. Responding to the allegations set forth in paragraph 82, Defendant incorporates his responses to paragraphs 1 through 81, inclusive, as set forth above.

83. The allegations in paragraph 83 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations. Additionally, Plaintiffs are precluded by the doctrines of *res judicata*, collateral estoppel, and claim and issue preclusion from raising these allegations for adjudication.

84. Defendant denies the allegations in the first sentence of paragraph 84. The remaining allegations in paragraph 84 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations. Additionally, Plaintiffs are precluded by the doctrines of *res judicata*, collateral estoppel, and claim and issue preclusion from raising these allegations for adjudication.

85. The allegations in the first, second, and third sentences in paragraph 85 set forth Plaintiffs' characterizations and contentions regarding national and Congressional actions to fight global warming, including the Global Climate Protection Act of 1987, which actions and statute speak for themselves. To the extent that a response is required, the Defendant denies these allegations on the grounds that these actions and the Global Climate Protection Act of 1987 are the best evidence of their own contents. The allegations in the fourth sentence of paragraph 85 set forth Plaintiffs' characterizations and contentions regarding a report from the EPA and the State Department to Congress in the early 1990s, which report speaks for itself. To the extent that a response is required, the Defendant denies these allegations on the grounds that the report is the best evidence of its own contents.

86. The allegations in paragraph 86 set forth the Plaintiffs' characterizations and

PDF created with pdfFactory trial version www.pdffactory.com

contentions regarding the U.S. Senate ratification of the United Nations Framework Convention on Climate Change ("UNFCCC"), which document speaks for itself. To the extent that a response is required, the Defendant denies these allegations on the grounds that the UNFCCC is the best evidence of its own contents.

87. Responding to the first sentence in paragraph 87, Defendant admits that the United States worked with other countries to develop the Kyoto Protocols. The allegations in the second sentence of paragraph 87 set forth Plaintiffs' characterizations and contentions regarding the Byrd-Hagel Resolution, which Resolution speaks for itself. To the extent that a response is required, the Defendant denies these allegations on the grounds that the Byrd-Hagel Resolution is the best evidence of its contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 87 and, on that basis, denies the allegations. Defendant denies any remaining allegations in paragraph 87.

88. The allegations in paragraph 88 set forth the Plaintiffs' characterizations and contentions regarding the views of Congress about global warming as expressed in "statutes" and "riders to federal appropriation bills," which documents speak for themselves. To the extent that a response is required, the Defendant denies these allegations on the grounds that the statutes and riders to federal appropriation bills are the best evidence of their own contents.

89. The allegations in the first sentence of paragraph 89 set forth the Plaintiffs' characterizations and contentions regarding the President's statements regarding the Kyoto Protocols, which statements speak for themselves. To the extent that a response is required, the Defendant denies these allegations on the grounds that the President's statements regarding the Kyoto Protocols are the best evidence of their own contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 89 and, on that basis, denies the allegations.

90. Defendant lacks knowledge or information sufficient to form a belief as to the

PDF created with pdfFactory trial version www.pdffactory.com

truth of the allegations in the first sentence of paragraph 90 and, on that basis, denies the allegations. The allegations in the second, third and fourth sentences of paragraph 90 set forth Plaintiffs' characterizations and contentions regarding an EPA federal register notice published at 68 Fed. Reg. 52,931, which notice speaks for itself. To the extent that a response is required, the Defendant denies these allegations on the grounds that the EPA federal register notice published at 68 Fed. Reg. 52,931 is the best evidence of its own contents.

91. The allegations in paragraph 91 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations.

92. The allegations in paragraph 92 are conclusions of law to which no response is required. To the extent a response is required, Defendant specifically denies the allegations made in first and second sentences of paragraph 92, and further answers that Plaintiffs are precluded by the doctrines of *res judicata*, collateral estoppel, and claim and issue preclusion from raising these allegations for adjudication. Defendant denies the third sentence in paragraph 92.

93. The allegations in paragraph 93 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations. Additionally, Plaintiffs are precluded by the doctrines of *res judicata*, collateral estoppel, and claim and issue preclusion from raising these allegations for adjudication.

94. The allegations in paragraph 94 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations.

95. The allegations in paragraph 95 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations.

**Count III**
**For Declaratory and Injunctive Relief under the Clean Air Act**

96. Responding to the allegations set forth in paragraph 96, Defendant incorporates his

PDF created with pdfFactory trial version www.pdffactory.com

responses to paragraphs 1 through 95, inclusive, as set forth above. The remaining allegations in paragraph 96 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations.

97. The allegations in paragraph 97 are conclusions of law to which no response is required. Paragraph 97 also sets forth the Plaintiffs' characterizations and contentions regarding the CAA and a House of Representatives Report, which documents speak for themselves. To the extent that a response is required, the Defendant denies these allegations on the grounds that these sources are the best evidence of their own contents.

98. The allegations in paragraph 98 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations.

99. Paragraph 99 contains conclusions of law to which no response is required. The allegations in the first, second and third sentences of paragraph 99 also set forth the Plaintiffs' characterizations and contentions regarding the CAA, which statute speaks for itself. To the extent that a response is required, the Defendant denies these allegations on the grounds that the CAA is the best evidence of its own contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of paragraph 99, and, on that basis, denies such allegations.

100. Regarding the first sentence in paragraph 100, Defendant admits that the 2004 and 2005 amendments to Regulation 37 are identical to California's regulations that have been submitted to EPA for review under CAA section 209(b). Defendant denies that EPA has not taken final action on those submittals. Defendant answers that the Environmental Protection Agency ("EPA") Administrator Stephen Johnson issued a letter to Governor Schwarzenegger of California on December 19, 2007, in which the Administrator stated that EPA was denying California's request for a waiver under Section 209 (b)(1)(B) of the CAA. The State of Rhode Island has challenged the legality of EPA's decision. See State of California et al v. U.S. EPA,

PDF created with pdfFactory trial version www.pdffactory.com

No. 09-70011 (9th Cir., Jan. 2, 2008). Regarding the second sentence of paragraph 100, Defendant admits that DEM's Regulation 37 cannot be enforced unless EPA's denial of California's waiver request is overturned. Defendant denies any remaining allegations in paragraph 100.

101. The allegations in paragraph 101 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations. Defendant also incorporates by reference his response to paragraph 100.

102. The allegations in the first sentence of paragraph 102 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations. The second and third sentences of paragraph 102 set forth the Plaintiffs' characterizations and contentions regarding Regulation 37, which regulation speaks for itself. To the extent that a response is required, the Defendant denies these allegations on the grounds that Regulation 37 is the best evidence of its own contents.

103. Defendant denies the allegations in paragraph 103.

104. The allegations in paragraph 104 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations.

105. The allegations in the first sentence of paragraph 105 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations. The remaining allegations in paragraph 105 set forth the Plaintiffs' characterizations and contentions regarding Regulation 37 and the identical California regulations, which regulations speak for themselves. To the extent that a response is required, the Defendant denies these allegations on the grounds that these regulations are the best evidence of their own contents.

106. The allegations in paragraph 106 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations. Defendant

PDF created with pdfFactory trial version www.pdffactory.com

also incorporates by reference his response to paragraph 100.

107. The allegations in paragraph 107 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations.

108. The allegations in paragraph 108 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations.

109. The allegations in the first and second sentences of paragraph 109 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations. Defendant also incorporates by reference his response to paragraph 100.

110. The allegations in paragraph 110 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations.

111. Defendant denies the allegations in the first sentence of paragraph 111. Incorporate by reference to 100. The remaining allegations in paragraph 111 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations. Defendant also incorporates by reference his response to paragraph 100.

112. The allegations in paragraph 112 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations.

113. The allegations in paragraph 113 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations.

**Count IV**
**For Declaratory Relief under Article I**
**Of the United States Constitution**

114. Responding to the allegations set forth in paragraph 114, Defendant incorporate their responses to paragraphs 1 through 113, inclusive, as set forth above.

115. Defendant denies the allegations in paragraph 115.

116. The allegations in paragraph 116 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations.

PDF created with pdfFactory trial version www.pdffactory.com

117. The allegations in paragraph 117 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations.

118. The allegations in the first two sentences of paragraph 118 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations. Defendant denies the allegations in the third sentence of paragraph 118. Additionally, Plaintiffs are precluded by the doctrines of *res judicata*, collateral estoppel, and claim and issue preclusion from raising these allegations for adjudication.

119. The allegations in paragraph 119 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations.

**Count V**
**For Declaratory and Injunctive Relief under the Sherman Antitrust Act**

120. Responding to the allegations set forth in paragraph 120, Defendant incorporate their responses to paragraphs 1 through 119, inclusive, as set forth above.

121. The allegations in paragraph 121 set forth the Plaintiffs' characterizations and contentions regarding Regulation 37, which regulation speaks for itself. To the extent that a response is required, Defendant denies these allegations on the grounds that Regulation 37 is the best evidence of its own contents.

122. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122 and, on that basis, denies the allegations.

123. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in paragraph 123 and, on that basis, denies the allegations. The allegations in the second and third sentences of paragraph 123 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations.

PDF created with pdfFactory trial version www.pdffactory.com

124. The allegations in paragraph 124 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations.

125. The allegations in the first two sentences of paragraph 125 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations. Defendant denies the allegations in the last sentence of paragraph 125.

126. The allegations of paragraph 126 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations.

127. The allegations of paragraph 127 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations.

128. The allegations of paragraph 128 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations.

129. The allegations of paragraph 129 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations.

## PLAINTIFFS' PRAYER FOR RELIEF

The remaining allegations in the Complaint are the Plaintiffs' prayers for relief to which no response is required. To the extent that a response is required, Defendant denies these allegations.

## AFFIRMATIVE DEFENSES

1. The Court lacks subject matter jurisdiction over each and every one of Plaintiffs' claims for relief.

2. The Complaint fails to state facts sufficient to sustain any claim for relief as against the Defendant.

3. Plaintiffs lack standing to assert the claims that are the subject of the Complaint.

PDF created with pdfFactory trial version www.pdffactory.com

4. Plaintiffs' claims for relief should be dismissed under the doctrine of primary jurisdiction.

5. Plaintiffs' claims moot.

6. Venue is not proper.

7. The Clean Air Act authorizes Rhode Island to adopt California's emission standards for new motor vehicles.

8. The claims are barred, in whole or in part, to the extent they are not described with sufficient particularity in the pleading.

9. The claims are barred, in whole or in part, because Plaintiffs have failed to join all other parties needed for a just adjudication under F. R. Civ. P. 19.

10. The claims are barred, in whole or in part, under the doctrines of *res judicata,* collateral estoppel, judicial estoppel, and issue and claim preclusion.

11. The claims are barred, in whole or in part, under the doctrine of unclean hands and the failure on the part of AIAM to do equity.

12. The claims are barred, in whole or in part, to the extent they impermissibly usurp the authority of Rhode Island, California and other States to regulate air pollution from sources in our respective states in violation of the United States Constitution and the Constitutions of Rhode Island and other States.

13. The Defendant relies on any and all further defenses that become available or appear during discovery proceedings in this action and specifically reserve their right to amend this Answer for purposes of asserting additional defenses.

**WHEREFORE**, the Defendant prays that:

1. The Complaint be dismissed;

PDF created with pdfFactory trial version www.pdffactory.com

2. Plaintiffs take nothing by their action;

3. Judgment be awarded against Plaintiffs and in favor of the Defendant;

4. The Court enter a declaration that Regulation 37 is not preempted or otherwise contrary to law under the theories espoused in Plaintiffs' claims for relief;

5. That Defendant be awarded their costs of suit and attorneys' fees; and

6. The Court provide any other relief it deems appropriate in this matter.

Respectfully Submitted,

Defendant
By his Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ Tricia K. Jedele
Tricia K. Jedele #5958
Special Assistant Attorney General
and Environmental Advocate
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2400
Fax: (401) 222-3016

Of Counsel:

Patty Allison Fairweather, Esq.
Chief Legal Counsel
John Langlois, Esq.
Rhode Island Department of
Environmental Management
235 Promenade Street
Providence, RI 02908

*For Defendant W. Michael Sullivan, in his official capacity as Director of the Rhode Island Department of Environmental Management.*

PDF created with pdfFactory trial version www.pdffactory.com

**CERTIFICATION**

I, the undersigned, hereby certify that the foregoing was filed electronically with the Clerk of Court and served upon the following by operation of the Court's electronic filing system:

Kristin E. Rodgers, Esq., ker@blishcavlaw.com
Mary C. Dunn, mcd@blishcavlaw.com
Joseph V. Cavanagh, JR., jvc@blishcavlaw.com
Patricia K. Rocha, Esq., procha@asplaw.com
John A. Tarantino, Esq., jtarantino@apslaw.com
Stuart A.C. Drake, Esq., sdrake@kirkland.com
Andrew B. Clubok, Esq., aclubok@kirkland.com
Cynthia J. Giles, Esq., cgiles@clf.org
Bradford W. Kuster, Esq., bkuster@clf.org

and by regular mail, postage pre-paid, on this 11th day of January, 2008 to those indicated below:

David J. Bookbinder
Sierra Club
408 C Street, NE
Washington, DC 20002
David.Bookbinder@sierraclub.org

Charles H. Haake, Esq.
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
chaake@gibsondunn.com

Raymond B. Ludwiszewski, Esq.
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
rludwiszewski@gibsondunn.com

_/s/ Tricia K. Jedele_____________

PDF created with pdfFactory trial version www.pdffactory.com