**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| THE ASSOCATION OF INTERNATIONAL AUTOMOBILE MANUFACTURERS,<br><br>Plaintiffs,<br>v.<br><br>W. MICHAEL SULLIVAN, in his official capacity only as Director of the Rhode Island Department of Environmental Management,<br>Defendant,<br>and<br><br>CONSERVATION LAW FOUNDATION, SIERRA CLUB, NATURAL RESOURCES DEFENSE COUNCIL, and ENVIRONMENTAL DEFENSE,<br><br>Intervenor Defendants. | C. A. No. 06-69T |
| LINCOLN DODGE, INC et al.<br>Plaintiffs,<br>v.<br><br>W. MICHAEL SULLIVAN, in his official capacity only as Director of the Rhode Island Department of Environmental Management,<br><br>Defendant,<br>and<br><br>CONSERVATION LAW FOUNDATION, SIERRA CLUB, NATURAL RESOURCES DEFENSE COUNCIL, and ENVIRONMENTAL DEFENSE,<br><br>Intervenor Defendants. | C. A. No. 06-70T |

**NOTICE OF RELATED PROCEEDINGS**

PDF created with pdfFactory trial version www.pdffactory.com

Pursuant to rule 9.1 of the Federal District Court of Rhode Island's local rules, Defendant and Defendant-Intervenors, hereby provide notice to the court of the following related proceedings:

**A. LITIGATION CHALLENGING ADOPTION OF THESE GREENHOUSE GAS EMISSION STANDARDS**

1. Central Valley Chrysler-Jeep, Inc. v. Witherspoon, No. 1:04-cv-06663-REC-LJO (E.D.CA. filed Feb. 16, 2005). In this case, plaintiffs Alliance of Automobile Manufacturers ("AAM"), General Motors ("GM") and Chrysler Corp. (formerly DiamlerChrysler), joined by the Association of International Automobile Manufacturers ("AIAM") as a plaintiff intervenor, sought declaratory and injunctive relief against California's adoption of identical motor vehicle emission standards on the grounds that the California regulations are preempted by the Energy Policy and Conservation Act ("EPCA") (Count I), the Clean Air Act ("CAA") (Count II), and the Foreign Powers doctrine (Count III), and that the regulations violate the dormant Commerce Clause (Count IV) and the Sherman Anti-Trust Act (Count V). The California district court has issued three separate rulings:

In 2006, the court dismissed Plaintiffs' commerce clause and anti-trust claims. See Central Valley Chrysler-Jeep, Inc. v. Witherspoon, 456 F.Supp.2d 1160, 1188 (E.D.Cal. 2006).

In January of 2007, the court declared that California was enjoined from implementation or enforcement of the GHG regulations unless and until EPA grants a waiver of preemption under the CAA, and dismissed Plaintiffs' remaining CAA claims as moot. See Central Valley v. Witherspoon, No. 1:04-cv-06663, slip op. at 8-10 (E.D.Ca. Jan. 16, 2007).

In December of 2007, the court dismissed Plaintiffs' EPCA and Foreign Powers claims. See Central Valley Chrysler-Jeep, Inc. v. Goldstone, 2007 WL 4372878, at *39 (E.D.Ca. 2007).

PDF created with pdfFactory trial version www.pdffactory.com

2. Green Mountain Chrysler-Plymouth-Dodge-Jeep v. Crombie, Nos. 2:05-CV-302, 2:05-cv-304 (D. Vt. Filed Nov. 18, 2005). The Vermont case involved two consolidated complaints that exactly parallel the consolidated cases filed just months later here in Rhode Island. Case number 302, filed by GM, Chrsyler and AAM, raised the identical counts as in California and sought declaratory and injunctive relief against Vermont's adoption of identical motor vehicle emission standards on the grounds that the California regulations are preempted by EPCA (Count I), the CAA (Count II), and the Foreign Powers doctrine (Count IV), and that the Vermont regulations violate Section 177 of the CAA (Count III), the dormant Commerce Clause (Count V) and the Sherman Anti-Trust Act (Count VI). Case number 304, filed by AIAM, alleged EPCA preemption (Count I) and CAA preemption (Count II).

The 302 Plaintiffs subsequently dismissed all claims but the preemption counts under EPCA, the CAA and the foreign powers doctrine. In September 2007, following a month-long bench trial on the consolidated cases, the court granted judgment for defendants on EPCA and Foreign Powers preemption counts, and held that the CAA claims were moot. See Green Mountain Chrysler-Plymouth-Dodge-Jeep v. Crombie, 508 F. Supp. 2d 295 (D. Vt. 2007), appeal docketed, No. 07-4342-cv(L), No. 07-4360(con) (2d Cir. Oct. 5, 2007). On appeal, both sets of plaintiffs are challenging only the district court's resolution of the EPCA and CAA preemption claims.

3. Zangara Dodge, Inc. v. Curry, No. 1:07-cv-01305 (D.N.M. filed Dec. 27, 2007). This complaint, filed by new vehicle dealerships, challenges the adoption of identical motor vehicle emission standards in New Mexico on grounds that, *inter alia*, the regulations are preempted under the CAA and EPCA.

PDF created with pdfFactory trial version www.pdffactory.com

**B. LITIGATION CHALLENGING THE ENVIRONMENTAL PROTECTION AGENCY'S DENIAL OF CALIFORNIA'S REQUEST FOR A WAIVER OF CAA PREEMPTION**

1. California v U.S. Envtl. Prot. Agency, No. 08-70011 (9th Cir. filed Jan. 2, 2008) and Sierra Club v. U.S. Envtl. Prot. Agency, No. 08-70030 (9th Cir. filed Jan. 2, 2008) (consolidation pending). These cases challenge EPA's Dec. 19, 2007 denial of California's request for a waiver of CAA preemption for its greenhouse gas emission standards for new motor vehicles.

2. California v. U.S. Envtl. Prot. Agency, No. 08-1063 (D.C.Cir. filed Feb. 19, 2007). This case challenges EPA's Dec. 19, 2007 denial of California's request for a waiver of CAA preemption for its greenhouse gas emission standards for new motor vehicles.

Defendants
By their Attorney,

PATRICK C. LYNCH
Attorney General

*/s/ Tricia K. Jedele*

______________________________

Tricia K. Jedele #5958
Special Assistant Attorney General
& Environmental Advocate
150 South Main Street
Providence, RI 02903
(401) 274-4400
(401) 222-3016 (fax)

Defendant-Intervenors
By their Attorney,

*/s/ Cynthia J. Giles*

______________________________

Cynthia J. Giles #5868
Conservation Law Foundation
55 Dorrance Street
Providence, RI 02903
(401) 351-1102
(401) 351-1130 (fax)

PDF created with pdfFactory trial version www.pdffactory.com

**CERTIFICATION**

I hereby certify that on the 1st day of April, 2008, I sent a true copy of the within by electronic means (ECF) to:

Joseph V. Cavanagh, Jr. – jvc@blishcavlaw.com,
Andrew B. Clubok – aclubok@kirkland.com
Stuart C. Drake – sdrake@kirkland.com
Mary C. Dunn – mcd@blishcavlaw.com
Stephen F. Hinchman – shinchman@clf.org
Patricia K. Rocha - procha@apslaw.com, dhumm@apslaw.com, jtarantino@apslaw.com
Kristin E. Rogers – ker@blishcavlaw.com.

and by regular mail to:

David J. Bookbinder
Sierra Club
408 C Street, NE
Washington, DC 20002

Charles H. Haake
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, NW
Washington, DC 20036

Melissa A. Hoffer
Conservation Law Foundation
27 North Main Street
Concord, NH 03301

Raymond B. Ludwiszewski
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Avenue, NW
Washington, DC 20036

Matthew F. Pawa
Law Offices of Matthew Pawa, P.C.
1280 Centre Street
Suite 230
Newton Center, MA 02459

*/s/ Tricia K. Jedele*

PDF created with pdfFactory trial version www.pdffactory.com