**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CENTRAL VALLEY CHRYSLER-JEEP, INC. et al.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**JAMES GOLDSTENE in his official capacity as Executive Officer of the California Air Resources Board,**<br><br>**Defendant,**<br><br>**THE ASSOCIATION OF INTERNATIONAL AUTOMOBILE MANUFACTURERS,**<br><br>**Plaintiff-Intervenor,**<br><br>**SIERRA CLUB, NATURAL RESOURCES DEFENSE COUNCIL, ENVIRONMENTAL DEFENSE, BLUE WATER NETWORK, GLOBAL EXCHANGE, AND RAINFOREST ACTION NETWORK,**<br><br>**Defendant-Intervenors.** | **CV F 04-6663 AWI LJO**<br><br>**ORDER GRANTING MOTION TO CORRECT ORDER OF DECEMBER 11, 2007, DENYING MOTION FOR SUMMARY JUDGMENT AGAINST AIAM ON THE GROUND OF ASSOCIATIONAL STANDING AND CLOSING THE CASE**<br><br>[Documents # 431 and # 659] |

**I. Request for Correction of the Court's Order of December 11, 2007**

On March 18, 2008, the parties filed a "Joint Stipulated Request of Plaintiff-Intervenor, Defendant and Defendant-Intervenors to Correct December 11, 2007 order pursuant to Rule 60(a) of the Federal Rules of Civil Procedure. Doc. # 659. The corrections requested consist primarily of a number of instances of misspelling of the word "mileage," and few instances of minor misquotation of statutory authority. The request for correction also asks the court to correct two passages in which plaintiff-intervenor Association of International Automobile Manufacturers ("AIAM") feels that the proposed passage would more accurately reflect AIAM's contentions with respect to the impacts of the California AB 1493 regulations on automobile manufacturers. The proposed changes were stipulated to by defendant James Goldstene and by defendant intervenors Sierra Club, Natural Resources Defense Council, Environmental Defense, Bluewater Network, Global Exchange, and Rainforest Action Network (collectively, "Defendants"). AIAM represents that plaintiff individual automobile manufacturers and automobile dealerships are not opposed to the request.

Good cause appearing and there being no opposition to the stipulated request, the request will be granted. The court will not issue a separate amendment to the December 11, 2007, order, but will re-file the December 11, 2007, order with corrections as requested concurrently with the filing of this order.

**II. Defendants' Motion for Summary Judgment Against AIAM for Lack of Associational Standing**

On November 8, 2006, Defendant filed a motion for summary judgment against the automobile manufacturer trade association, AIAM. Authority for Defendant's motion is found in <u>Hunt v. Washington State Apple Adver. Comm'n</u>, 432 U.S. 333 (1977). The parties agree that <u>Hunt</u> requires that a trade association seeking to represent its associational members must show (1) the associations members would otherwise have standing to sue in their own right; (b) the interests the trade association seeks to protect are germane to the organization's purposes; and (3) neither the claim asserted nor the relief requested requires

the participation of individual members in the lawsuit. Id. at 343.

Defendant contends that, in order for AIAM to prevail on its motion for summary judgment on the grounds of express and conflict preemption, the individual plaintiff auto manufacturers and automobile dealerships would be required to produce individualized proof "that the objectives of the CAFÉ program, including "'maximizing fuel economy , avoiding economic harm to the automobile industry, maintaining consumer choice, and ensuring vehicle safety' present an obstacle to the accomplishment of EPCA's objectives." Doc. # 431 at 4:15-17.

Although the parties submitted large volumes of data in support of their arguments with respect to AIAM's motion for summary judgment, the court initially declined to rule on the motion because the court was uncertain that the question would actually turn on individualized showings of interference. In its order of December 11, 2007, the court denied AIAM's motion for summary judgment on the ground of express and conflict preemption, but it did so without reference to data or facts pertaining to individual plaintiffs. Rather, the court denied AIAM's preemption arguments based primarily on the textual features of the Clean Air Act and the Energy Policy Conservation Act interpreted in light of Massachusetts v. E.P.A., 127 S.Ct. 1438 (2007).

Contrary to Defendants' contentions with regard to the resolution of AIAM's motion for summary judgment on the grounds of express and conflict preemption, individualized facts were not referenced and the participation of the individual Plaintiffs was not required. The three requirements for associational standing set forth in Hunt are therefore met. The court finds AIAM has associational standing pursuant to Hunt. Defendants' motion for summary judgment on the ground AIAM lacks associational standing will be correspondingly denied.

THEREFORE, it is hereby ORDERED that:

1. The parties' stipulated request for corrections to the court's order of December 11, 2007 is GRANTED. The corrected December 11 order will be re-filed concurrently

with the filing of this order.

2. Defendants' motion for summary judgment against AIAM on the ground AIAM lacks associational standing is DENIED.

3. Because all claims alleged in the First Amended Complaint have been resolved and no undecided motions remain as to any party, the Clerk of the Court shall CLOSE the CASE.

IT IS SO ORDERED.

**Dated: March 25, 2008** **/s/ Anthony W. Ishii**
UNITED STATES DISTRICT JUDGE