U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2005 NOV 18 PM 12 24

CLERK
BY ______
~~DEPUTY~~ CLERK

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF VERMONT

GREEN MOUNTAIN CHRYSLER PLYMOUTH DODGE JEEP; GREEN MOUNTAIN FORD MERCURY; JOE TORNABENE'S GMC; CODY CHEVROLET, INC.; ALLIANCE OF AUTOMOBILE MANUFACTURERS; DAIMLERCHRYSLER CORPORATION; and GENERAL MOTORS CORPORATION,

Plaintiffs,

v.

THOMAS W. TORTI, Secretary of the Vermont Agency of Natural Resources; JEFFREY WENNBERG, Commissioner of the Vermont Department of Environmental Conservation; and RICHARD VALENTINETTI, Director of the Air Pollution Control Division of the Vermont Department of Environmental Conservation,

Defendants.

Docket No. 05-CV-302

## COMPLAINT

Plaintiffs GREEN MOUNTAIN CHRYSLER PLYMOUTH DODGE JEEP, GREEN MOUNTAIN FORD MERCURY, JOE TORNABENE'S GMC, CODY CHEVROLET, INC., ALLIANCE OF AUTOMOBILE MANUFACTURERS, DAIMLERCHRYSLER CORPORATION, and GENERAL MOTORS CORPORATION (collectively, "plaintiffs"), by their attorneys Gravel and Shea, state the following claims against defendants THOMAS W. TORTI, JEFFREY WINNBERG, and RICHARD VALENTINETTI (collectively, "defendants").

GRAVEL AND SHEA
ATTORNEYS AT LAW
P. O. BOX 369
BURLINGTON, VERMONT
05402-0369

96. The CO2 regulation adopted by DEC is now or will soon be in effect, by operation of Vermont law, and defendants are now responsible for its implementation. That regulation is "related to fuel economy standards and average fuel economy standards," and is preempted under 49 U.S.C. § 32919(a). Federal law prohibits the adoption of regulations related to such standards, separate and apart from any attempt to enforce such regulations.

97. The regulation adopted by DEC applies not only to vehicles purchased by state agencies or for public use, but also to vehicles sold to the general public. DEC's regulation, which defendants are charged with implementing, intrudes upon a field of regulation occupied by the federal government, conflicts with federal law and regulation, and stands as an obstacle to achievement of the objectives of Congress when it established a national program for the regulation of motor vehicle fuel economy.

98. The regulation adopted by DEC, which defendants are charged with implementing, is inconsistent with NHTSA's determination of the "maximum feasible" corporate average fuel economy standards for cars and light-duty trucks, based upon NHTSA's assessment of technological feasibility, economic practicability, the effect of other motor vehicle standards of the Government on fuel economy, and the need of the United States to conserve energy, 49 U.S.C. § 32902(f), and thereby frustrates the accomplishment of federal objectives. DEC's rule will have an acute, clear, direct and substantial adverse impact on the performance, price, and availability of vehicles that will be sold in Vermont. DEC's new rule will also have an acute, direct, clear and substantial adverse impact on some manufacturers' efforts to comply with the national fuel economy standards as efficiently as possible, and in a manner that maximizes consumer choices and minimizes adverse effects on employment.



GRAVEL AND SHEA
ATTORNEYS AT LAW
P. O. BOX 369
BURLINGTON, VERMONT
05402-0369

99. The United States Constitution makes federal law and regulations "the supreme Law of the Land." United States Constitution, article VI, cl. 2. Plaintiffs have legally protected interests under the Constitution, EPCA, and other federal laws (including 42 U.S.C. § 1983) in the full enforcement of the federal fuel economy laws against defendants' implementation of CO2 rules adopted by DEC. Plaintiffs will be actually and irreparably injured with respect to their federally protected interests if the CO2 regulation adopted by DEC is not declared unlawful and if defendant are not enjoined from implementing that regulation.

100. A clear and judicially cognizable controversy exists between plaintiffs and defendants regarding whether the CO2 regulation adopted by DEC is preempted by the federal fuel economy laws. Plaintiffs contend that the regulation is preempted by the federal fuel economy laws and cannot be enforced. Defendants disagree and will enforce the CO2 rule to the detriment of plaintiffs. Moreover, the federal fuel economy laws prohibit the adoption of the regulation challenged here, separate and apart from its enforcement.

101. To redress the violations of federal law and the interference with plaintiffs' rights, and pursuant to 28 U.S.C. §§ 1331,1343, 2201 and other provisions of law, including 42 U.S.C. §§ 1983, 1988, plaintiffs request a declaration that DEC's CO2 regulation is preempted and unenforceable.

102. Defendants are now implementing and will continue to implement the CO2 regulation in violation of federal law unless enjoined by this Court from doing so. Plaintiffs are therefore also entitled to injunctive relief restraining and redressing these violations of federal law under 42 U.S.C. §§ 1983, 1988, and the Supremacy Clause, and other provisions of law.

*Count II -- Preemption Under the Federal Clean Air Act -- Enforcement of Standards That Have Not Received Review by EPA*



GRAVEL AND SHEA
ATTORNEYS AT LAW
P. O. BOX 369
BURLINGTON, VERMONT
05402-0369

103. Plaintiffs repeat and re-allege paragraphs 1 through 102 of this Complaint as though fully set forth herein. This Count of the Complaint avers that defendants are acting in violation of the Clean Air Act, and is presented as an alternative ground for relief in the event the Court does not grant the relief sought by plaintiffs under Count I of the Complaint.

104. The CO2 regulation adopted by DEC is a standard related to the control of emissions from new motor vehicles. The regulation is preempted by section 209(a) of the Clean Air Act, 42 U.S.C. § 7543(a).

105. EPA has determined that regulation of carbon dioxide and greenhouse gases to address global climate change is not authorized by section 202(a) of the Clean Air Act. (*See* Notice of Denial of Petition for Rulemaking, *Control Emissions from New Highway Vehicles and Engines*, 68 Fed. Reg. 52,922 (Sept. 8, 2003).) That authoritative determination by EPA precludes any State from adopting any new motor vehicle emission standards for carbon dioxide or greenhouse gases. At a minimum, any State that disagrees with EPA's position must seek reconsideration of EPA's interpretation of section 202(a) before it may adopt new motor vehicle emission standards for carbon dioxide or greenhouse gases.

106. Plaintiffs' objections to enforcement of the CO2 regulations within the framework of the Clean Air Act have been presented to DEC, which has rejected those objections in reliance on the interpretations of the Clean Air Act developed by the State of California. Under those interpretations of the Clean Air Act, California and other States can enforce the CO2 regulations concurrent with any review of those standards by EPA, and without awaiting the completion of such a review by EPA.

107. Plaintiffs have legally protected interests under the Constitution, the Clean Air Act, and other federal laws (including 42 U.S.C. § 1983) in the full enforcement of the federal



GRAVEL AND SHEA
ATTORNEYS AT LAW
P. O. BOX 369
BURLINGTON, VERMONT
05402-0369

Clean Air Act against DEC's CO2 regulation. Plaintiffs will be actually and irreparably injured with respect to their federally protected interests by DEC's CO2 regulation, if the regulation actions are not declared unlawful and if defendants are not enjoined from implementing the regulation. The public interest will be served by such declaratory and injunctive relief.

108. A clear and judicially cognizable controversy exists between plaintiffs and defendants regarding whether DEC's CO2 regulation is preempted by the federal Clean Air Act. Plaintiffs contend that the regulation is currently preempted and cannot be enforced, unless and until approved by EPA and unless otherwise consistent with federal law, including laws other than the Clean Air Act. Defendants are presently implementing DEC's regulation and will enforce it to the detriment of plaintiffs. In addition to its prohibition on enforcement of the regulation, the federal Clean Air Act prohibits the adoption of the regulation challenged here, separate and apart from its enforcement.

109. To redress the violations of federal law and the interference with plaintiffs' rights described herein, and pursuant to 28 U.S.C. §§ 1331, 1343, 2201-2202 and other provisions of law, including 42 U.S.C. §§ 1983, 1988, plaintiffs request a declaration that DEC's CO2 regulation is preempted by the Clean Air Act.

110. Defendants are now implementing and will continue to implement DEC's CO2 regulation in violation of the Clean Air Act and plaintiffs' rights under federal law, unless enjoined by this Court from doing so. Plaintiffs are therefore also entitled to injunctive relief restraining and redressing these violations of federal law and their rights under 42 U.S.C. §§ 1983, 1988, and the Supremacy Clause, and other provisions of law.

*Count III – Enforcement of Standards That Limit the Sale of California-Certified Vehicles*



GRAVEL AND SHEA
ATTORNEYS AT LAW
P. O. BOX 369
BURLINGTON, VERMONT
05402-0369