U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2005 NOV 18 PM 1 28

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

THE ASSOCIATION OF INTERNATIONAL AUTOMOBILE MANUFACTURERS,

Plaintiff,

v.

THOMAS W. TORTI, in his official capacity as Secretary of the Vermont Agency of Natural Resources; JEFFREY WENNBERG, in his official capacity as Commissioner of the Vermont Department of Environmental Conservation; Richard A. VALENTINETTI, in his official capacity as Director of the Vermont Air Pollution Control Division

Defendants.

Case No. 2:05-cv-304 CLERK

BY ______ DEPUTY CLERK

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

**[28 U.S.C. 1331, 1343, 2201]**

Comes now the Association of International Automobile Manufacturers ("AIAM"), and for its Complaint states the following claims for declaratory and injunctive relief against Thomas W. Torti, Secretary of the Vermont Agency of Natural Resources; Jeffrey Wennberg, Commissioner of the Vermont Department of Environmental Conservation; and Richard A. Valentinetti, Director of the Vermont Air Pollution Control Division:

## JURISDICTION AND VENUE

1. This is an action for declaratory and injunctive relief under the Supremacy Clause in Article VI of the United States Constitution and 42 U.S.C. § 1983 challenging the provisions of a state regulation which is preempted by federal law. The Defendants are the state officers charged with implementing and enforcing the preempted regulation. This Court has jurisdiction to grant the relief sought in this action under 28 U.S.C. §§ 1331, 1343(a)(3), and 2201.

2. Venue in this Court is proper under 28 U.S.C. § 1391(b) because the Defendants perform their official acts in this Judicial District.

**FIRST CLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF**

**Preemption Under The Federal Energy Policy And Conservation Act**

53. AIAM realleges and incorporates each and every paragraph set forth above, as though fully set forth herein.

54. EPCA expressly preempts any State from adopting or enforcing any "law or regulation related to fuel economy standards or average fuel economy standards for automobiles covered by an average fuel economy standard under" EPCA. 49 U.S.C. § 32919.

55. The DEC Regulations, which set maximum fleet-wide average levels of grams of $CO_2$ emitted per mile for passenger automobiles and light duty trucks, are "related to fuel economy standards and average fuel economy standards," and are therefore preempted under 49 U.S.C. § 32919(a).

56. Moreover, the National Highway Traffic Safety Administration exclusively occupies the field of fuel economy regulation. The DEC Regulations impermissibly intrude on that field by establishing fleet-wide limits on $CO_2$ emission per mile, and thereby regulating the fuel economy of motor vehicles sold in Vermont.

57. The DEC Regulations also stand as an obstacle to the accomplishment and execution of the full purposes of the objectives of Congress in enacting EPCA, and frustrate the full effectiveness of the CAFE program.

58. AIAM's members will be actually and irreparably injured if the DEC Regulations are not declared unlawful and if the Defendants are not enjoined from implementing and enforcing those regulations.

59. An actual and judicially cognizable controversy exists between AIAM and the Defendants regarding whether the DEC Regulations are preempted by EPCA. AIAM contends

64. The DEC Regulations are a "standard related to the control of emissions from new motor vehicles" and are therefore preempted by section 209(a) of the CAA, 42 U.S.C. § 7543(a).

65. The only exceptions to federal exclusivity are the provision of Section 209(b) of the CAA which allows the State of California to obtain a waiver for its own motor vehicle emissions standards (provided certain conditions are met), and the provision of Section 177 which allows other states to adopt and enforce California standards for which a waiver has been granted. The DEC Regulations seek to adopt California's AB 1493 Regulations. California, however, has not obtained a waiver for its AB 1493 Regulations, nor has California applied for such a waiver. Should California eventually seek a waiver of preemption under Section 209(b) of the CAA, the review process can take several years. Nevertheless, contrary to the provisions of Sections 209 and 177 of the CAA, the Defendants have adopted the DEC Regulations, and unless enjoined by this Court will enforce those Regulations to the detriment of AIAM's members.

66. AIAM's members will be actually and irreparably injured if the DEC Regulations are not declared unlawful and if the Defendants are not enjoined from implementing and enforcing those regulations.

67. An actual and judicially cognizable controversy exists between AIAM and the Defendants regarding whether the DEC Regulations are preempted by the CAA. AIAM contends that the DEC Regulations are preempted by the CAA and cannot be enforced. The Defendants are presently implementing those regulations by undertaking steps to permit them to enforce the rule under Vermont statutes that create civil liability for noncompliance with the rule, and will enforce it to the detriment of AIAM and its members.