SAGASER, FRANSON & JONES
2445 Capitol Street, 2nd Floor
Post Office Box 1632
Fresno, California 93717-1632
Telephone: (559) 233-4800

Timothy Jones #119841

KIRKLAND & ELLIS LLP
655 15th Street, N.W., Suite 1200
Washington, D.C. 20005
Telephone: (202) 879-5000

Eric B. Wolff #197147

Attorneys for all plaintiffs

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA – FRESNO**

| | |
|---|---|
| CENTRAL VALLEY CHRYSLER-JEEP, INC., KITAHARA PONTIAC GMC BUICK, INC., MADERA FORD MERCURY, INC., MADERA CHEVROLET, FRONTIER DODGE, INC., TOM FIELDS MOTORS, INC., PISTORESI CHRYSLER DODGE JEEP, BOB WILLIAMS CHEVROLET, COURTESY OLDSMOBILE CADILLAC, INC., MERLE STONE CHEVROLET, INC., MERLE STONE PORTERVILLE, INC., STURGEON AND BECK INCORPORATED, SWANSON FAHRNEY FORD, INC., GENERAL MOTORS CORPORATION, DAIMLERCHRYSLER CORPORATION, TULARE COUNTY FARM BUREAU, and the ALLIANCE OF AUTOMOBILE MANUFACTURERS,<br><br>Plaintiffs,<br><br>v.<br><br>Catherine E. WITHERSPOON, in her official capacity as Executive Officer of the California Air Resources Board,<br><br>Defendant. | **Case No. 1:04-cv-06663-REC-LJO**<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF [28 U.S.C. §§ 1331, 1343, 2201]** |

Plaintiffs, Central Valley Chrysler-Jeep, Inc., Kitahara Pontiac GMC Buick, Inc., Madera Ford Mercury, Inc., Madera Chevrolet, Frontier Dodge, Inc., Tom Fields Motors, Inc., Pistoresi

effect. Under the economic "first law of demand," as the cost of a given activity goes down (such as driving), the level of that activity will increase. Lower costs of driving, which would be the supposed result of the California rule, will thus lead to more driving in California. That increase in driving will lead to significant increases in motor vehicle pollution in California, as well as more congestion on California road and potentially more vehicle accidents.

110. In addition, the A.B. 1493 regulation will raise vehicle prices, and those price increases will slow the rate at which newer gasoline-powered vehicles replace older vehicles in California. Older gasoline-powered vehicles have higher emissions of smog-forming and other pollutants than newer gasoline-powered vehicles. To clean up the vehicle fleet as a whole, it is essential for older vehicles to be replaced with newer ones, as rapidly as possible. The A.B. 1493 regulation conflicts with the effort to reduce smog-forming emissions in California, because the rule will slow the turn-over of the fleet to new vehicles. In other words, smog-forming emissions from motor vehicle operation in California will be *higher* if the A.B 1493 rule is implemented than if the rule is not implemented.

111. With regard to global warming, the A.B. 1493 regulations have not been claimed by CARB to result in any reduction in ambient temperatures in California, nor could such a claim be sustained in a scientifically credible manner. This is because the level of greenhouse gas emissions in the atmosphere over California is largely determined by the level of industrial activity and other activities occurring on a global basis, and that activity is beyond the control of the California regulatory process. Implementation of the A.B. 1493 rule will not reduce global warming in California, and the relief sought in this action will have no effect on California temperatures.

## CLAIMS FOR DECLARATORY AND INJUNCTIVE RELIEF

### *Count I – Preemption under the Federal Fuel Economy Laws*

112. Plaintiffs repeat and re-allege paragraphs 1 through 111 of this Complaint as though fully set forth herein.

113. The regulation adopted by CARB on September 24, 2004, in Resolution 04-28, which Defendant is charged with implementing, is "related to fuel economy standards and

average fuel economy standards," and is preempted under 49 U.S.C. § 32919(a). Federal law prohibits the adoption of regulations related to such standards, separate and apart from any attempt to enforce such regulations. *See id.*

114. The regulation adopted by CARB in Resolution 04-28, which Defendant is charged with implementing, intrudes upon a field of regulation occupied by the federal government, conflicts with federal law and regulation, and stands as an obstacle to achievement of the objectives of Congress when it established a national program for the regulation of motor vehicle fuel economy.

115. The regulation adopted by CARB in Resolution 04-28, which Defendant is charged with implementing, is inconsistent with NHTSA's determination of the "maximum feasible" corporate average fuel economy standards for cars and light-duty trucks, based upon NHTSA's assessment of technological feasibility, economic practicability, the effect of other motor vehicle standards of the Government on fuel economy, and the need of the United States to conserve energy, 49 U.S.C. § 32902(f), and thereby frustrates the accomplishment of federal objectives.

116. The United States Constitution makes federal law and regulations "the supreme Law of the Land." United States Constitution, article VI, cl. 2. Plaintiffs have legally protected interests under the Constitution, EPCA, and other federal laws (including 42 U.S.C. § 1983) in the full enforcement of the federal fuel economy laws against Defendant's implementation of A.B. 1493 and the A.B. 1493 regulation.

117. Plaintiffs will be actually and irreparably injured with respect to their federally protected interests if the regulation adopted in Resolution 04-28 is not declared unlawful and if Defendant is not enjoined from implementing that regulation. Whether Defendant's regulation is preempted by the federal fuel economy laws is purely or predominantly a legal question that is fit for adjudication now, and the fitness of adjudication will not be assisted by future factual developments outside this litigation.

118. A clear and judicially cognizable controversy exists between Plaintiffs and Defendant regarding whether the regulation adopted in Resolution 04-28 is preempted by the

federal fuel economy laws. Plaintiffs contend that the regulation approved by Resolution 04-28 is preempted by the federal fuel economy laws and cannot be enforced. Defendant is presently implementing that regulation by undertaking steps to permit her to enforce the rule under California statutes that create civil liability for noncompliance with the rule, and will enforce it to the detriment of Plaintiffs. The federal fuel economy laws prohibit the adoption of the regulation challenged here, separate and apart from its enforcement.

119. To redress the violations of federal law and the interference with Plaintiffs' rights, and pursuant to 28 U.S.C. §§ 1331,1343, 2201 and other provisions of law, including 42 U.S.C. §§ 1983, 1988, Plaintiffs request a declaration that the regulation adopted by Resolution 04-28 is preempted and unenforceable.

120. Defendant is now and will continue to implement A.B. 1493 and the A.B. 1493 regulation in violation of federal law unless enjoined by this Court from doing so. Plaintiffs are therefore also entitled to injunctive relief restraining and redressing these violations of federal law under 42 U.S.C. §§ 1983, 1988 and other provisions of law.

***Count II – Preemption under the Federal Clean Air Act***

121. Plaintiffs repeat and re-allege paragraphs 1 through 120 of this Complaint as though fully set forth herein.

122. The regulation adopted by CARB on September 24, 2004, in Resolution 04-28, is a standard related to the control of emissions from new motor vehicles. The regulation is preempted by section 209(a) of the Clean Air Act, 42 U.S.C. § 7543(a). In addition, the regulation conflicts with the Clean Air Act and stands as an obstacle to the objectives of Congress in its comprehensive approach to environmental regulation of motor vehicles.

123. EPA has determined that regulation of carbon dioxide and greenhouse gases to address global climate change is not authorized by section 202(a) of the Clean Air Act. Notice of Denial of Petition for Rulemaking, *Control Emissions from New Highway Vehicles and Engines*, 68 Fed. Reg. 52922 (Sept. 8, 2003). That authoritative determination by EPA precludes California from adopting any new motor vehicle emission standards for carbon dioxide or greenhouse gases. California must, at a legal minimum, seek reconsideration of EPA's