# **Exhibit B to Plaintiffs' Consolidated Memorandum In Support of Objections to Defendant's Second Motion to Dismiss**

Excerpt of February 14, 2006 Rule 16 Conference in *Green Mountain Chrysler-Plymouth-Dodge-Jeep, et al., v. Crombie*, Case Nos. 2:05-CV-302 and 304 (consolidated) (D.R.I.)

~6129869.txt
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| GREEN MOUNTAIN CHRYSLER-PLYMOUTH-DODGE, et al. | * | |
| | * | |
| THE ASSOCIATION OF INTERNATIONAL AUTOMOBILE MANUFACTURERS | * | |
| V | * | |
| | * | |
| THOMAS W. TORTI, Secretary of Vermont Agency of Natural Resources, et al. | * | Civil File No. 05-302 & 304 |

RULE 16 CONFERENCE
Tuesday, February 14, 2006
Burlington, Vermont

BEFORE:

THE HONORABLE WILLIAM K. SESSIONS III
Chief District Judge

APPEARANCES:

ROBERT B. HEMLEY, ESQ. and MATTHEW B. BYRNE, ESQ., Gravel and Shea, 76 St. Paul Street, Burlington, Vermont; Attorneys for Plaintiffs (CV 05-302)

STUART A. DRAKE, ESQ., Kirkland & Ellis, LLP, 655 Fifteenth Street, N.W., Washington, D.C.; Attorney for Plaintiffs (CV 05-302)

Continued.....

ANNE E. NICHOLS
Registered Professional Reporter
United States District Court
Post Office Box 5633
Burlington, Vermont 05402
(802) 860-2227

2

APPEARANCES CONTINUED:

November of '06, and a trial were to be accomplished in November of '06, and the Court were to indicate that it would be prepared to reach a decision by January of '07, I am speaking obviously hypothetically, and we anticipate that given the way in which the Second Circuit proceeds, that a final decision would be reached -- if you were to reach a decision by January of '07, it would be surprising to me if the Second Circuit did not have an answer to the appeal before the end of '07.

I think off that -- on that circumstance, the California court might consider deferring until -- until things have proceeded here.

Obviously there is not going to be a lot of point -- I want to be clear that there are variations from state to state in terms of some of the evidentiary impact; the overriding issues are essentially the same. And I think that our clients' intention is to try the case once and have it appealed once.

Now, that does not preclude the possibility that there may be a multiple trial and then ultimately different decisions in different circuits, and then ultimately a review by the United States Supreme Court, and because of -- I don't want to sound grandiose here, and obviously I am not the most knowledgeable person

15

about these regulations in this room, but given the

importance of the regulations, it would not be terribly grandiose to imagine that the United States Supreme Court would give consideration to this.

THE COURT: Not only is that not grandiose, my guess is that that wouldn't be a virtual certainty, but a high likelihood, especially if you have got conflicting views from the Second and Ninth Circuits.

MR. HEMLEY: Which could possibly --

THE COURT: Or First. Now the First Circuit as well, if you have got --

MR. HEMLEY: Right. And that's why we have -- we have no intention, I should say, so the Court is clear, of filing more than one action in any one circuit, so this is the action for the Second Circuit. And it's really critical to us that this case proceed quickly and towards resolution. I don't think it's --

THE COURT: Let me ask you about that more precisely. The models affected are 2009 to 2016. Back that up. When does -- well, GM and DaimlerChrysler need a final resolution so that they don't suffer economic loss by being caught in a state of limbo?

MR. HEMLEY: Very -- very quickly is the imprecise answer. The regulations call for a phasing in so that the, the effort to comply becomes increasingly

16

difficult as the years proceed.

THE COURT: Well, early 2008, is that realistic or --

MR. HEMLEY: Well, early 2008 is certainly

California, then arguably, all the other states that adopted it no longer have California regulations to, to adopt or enforce.

And I don't want to get too complicated because



there's a lot of intricacies here, but suffice it to say that the validity of California's regulations must be -- must happen.

THE COURT: Well, let's go on the -- put the shoe on the other foot. Let us say that the regulations in the Eastern District of California are upheld. Do you think that that necessarily means that the plaintiffs will terminate their litigation in other jurisdictions, assuming that the matter has not gotten to the U.S. Supreme Court?

MR. LESKE: Of course that would be a better question for the plaintiffs, but --

THE COURT: I mean, I could ask them, but I can tell you what their response is. If the Eastern District of California says those regulations are fine, it goes up to the Ninth Circuit -- which may take two years. It goes up to the Ninth Circuit and they say it's fine, well, don't you think that at the same time, in fact, even before it gets up on appeal, if the -- if the judge in the Eastern District says those regulations are fine, they're going to be out pursuing litigation in the Second Circuit and the First Circuit, at a minimum; if New Jersey is involved, they will be going to the Third Circuit.

As a practical matter, isn't this the kind of



litigation that is going to be maintained in various circuits, various decisions arrived at with the ultimate disposition going to the U.S. Supreme Court? Don't you think?

MR. LESKE: Not necessarily, in the sense that the California courts that are weighing in on this, this issue, I believe will have -- and the decision there will have a significant impact on their decision to seek, to litigate in these other forums, and I believe that the courts in those forums will look to the California decision on this issue of, of uniquely California issues with great weight.

THE COURT: Do you think that, do you think that the plaintiff -- just being practical here.

MR. LESKE: I realize that, your Honor.

THE COURT: Do you think that the plaintiffs in this case are going to put all of their eggs in one basket, i.e., the Ninth Circuit? As opposed to the potential of other circuits, in the first place?

Second, if you -- if I stay this action, practically speaking, and they want to bring this case before the Second Circuit as quickly as possible, what is stopping them from filing in the Northern, Western, Southern or Eastern District of New York to get this matter decided in the Second Circuit?